Order reversed, without costs of this appeal to either party, and motion granted, without costs. Memorandum: We do not condone the gross negligence of plaintiff’s attorney of record for his delay of more than eight months in making the motion for a new trial upon the ground of evidence discovered after the ease had been submitted to the jury and before it returned a verdict. The test to be applied is not, as suggested by the attorney, whether the delay has prejudiced the defendant but instead whether the administration of justice in *963 general has been hampered by the inexcusable action of the attorney, which verges upon unprofessional conduct. In spite of this disturbing feature of the appeal it seems clear that the new evidence was not discovered until after the case had been submitted to the jury. It appeared upon the trial that there had been no eyewitness to the manner in whieh plaintiff’s intestate met her death except that she was found under the rear wheels of a truck that apparently had struck her. During the summations an attorney, who was a stranger to the litigation, recognized the ease as one with which he was familiar, he having seen the deceased crossing the street, walking in front of the truck, and later having seen her under the wheels thereof. He immediately communicated this fact to the attorneys for 'both parties. We conclude that this was newly discovered evidence and in the interests of justice there should be a new trial. All concur. (Appeal from an order of Erie Trial Term denying plaintiff’s motion for a new trial on the ground of newly discovered evidence.)
Present — Kimball, J. P., Williams, Bastow, Goldman and Halpern, JJ.