GIRARD INSURANCE COMPANY et al., Appellants, *v.* JOHN W. TAYLOR, Respondent, et al., Defendant.

Third Department, July 31, 1958.

*George G. Coughlin* and *Bertram W. Eisenberg* for appellants.

*Sanford P. Tanenhaus* and *Charles D. Keane* for respondent.

GIBSON, J. Plaintiffs issued to defendant Taylor policies insuring him against damage by fire to an apartment building. After a fire had damaged the building, plaintiffs brought this action for judgment declaratory of the rights and legal relations of the parties. Defendant Taylor interposed a counterclaim upon which he has recovered judgment for damages under the policies. Plaintiffs appeal.

Each policy insured respondent " to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality * * * *nor in any event for more than the interest of the insured* ". (Emphasis supplied.) Appellants contend the " the interest of the

assured '' was no more than a right of occupancy and possession, terminable upon six months' notice, with the additional right, terminable upon like notice, to remove and demolish the building. They adduced expert testimony that such rights or interests were without value. Accordingly, they assert the policy provision above italicized as a bar to any recovery.

It is conceded that in 1948 respondent owned the building and the parcel of land upon which it stood. In that year he gave a deed by which the land at least was conveyed. He contends, however, that he retained ownership of the building by virtue of the provisions of the deed and of a subsequent agreement made by him with his grantee. He proved, as his damage, the cost of repairs and recovered on that basis.

The appeal thus poses the clear-cut issue of ownership. It is indisputable, as a fundamental premise, that: '' The title and ownership of permanent erections by one person upon the land of another, in the absence of contract rights regulating the interests of the respective parties, generally follows and accrues to the holder of the title of the land, but it is perfectly competent for parties by contract to so regulate their respective interests that one may be the owner of the buildings and another of the land.'' (*People ex rel. Muller* v. *Board of Assessors,* 93 N. Y. 308, 311.)

We turn then to the documents which define respondent's interest. The 1948 deed describes and conveys the land parcel. The building is not specifically referred to in the description; neither is it specifically excepted from the conveyance. Following the description and a covenant of assumption by the grantee of certain mortgages, appears the following: '' It is understood and agreed that the grantor reserves full possession and enjoyment of the above described premises and is to have all income therefrom until May 1, 1950, or to a date prior thereto if the building thereon shall have been removed or demolished as hereinafter provided.'' It is then provided, in substance, that respondent shall pay for such possession only the amount of the taxes accruing upon the premises.

There follow a number of provisions with respect to the removal or demolition of the building. It is provided that the '' grantor, his heirs or assigns shall remove or demolish the building on said premises by May 1st, 1950 '', on which date '' all right to remove or demolish same shall cease and terminate, and the grantee, his heirs or assigns *shall have full title and possession* of the said premises *including the building* thereon ''. (Emphasis supplied.)

It is then provided that prior to the time limited for the removal or demolition of the building, the grantee will pay the existing mortgages or reduce them to such amounts as will enable the grantor to secure the mortgagees' permission to such removal or demolition; and that otherwise the time of the grantor's possession shall be extended until the building may be removed or demolished with the consent of the mortgage-holders. Finally, the grantee covenants that no mortgage will be placed on the premises which will prevent such removal or demolition.

By agreement of May 12, 1950, which remained in effect at the time of the fire in 1955, the parties to the deed extended from May 1, 1950, respondent's rights under the deed, with the proviso that, in addition to taxes, respondent should pay water rents and $75 per month for the use and occupation of the premises, there being provision for forfeiture in the event of nonpayment. By its terms, the agreement was to continue from month to month and was made terminable by either party on notice of six months, the expressed purpose of such notice being to obtain the removal of tenants in sufficient time to permit respondent to remove or demolish the building within the period.

The pertinent provisions of the deed sufficiently evince and effectuate the parties' intent that ownership of the building remain in respondent, the grantor. Although the subsequent agreement contains language in some minor respects inconsistent therewith, the clear purpose of the agreement is to continue the existing status and arrangement. It is true, as appellants contend, that all doubt would have been removed had the deed been drawn so as expressly to except the building but that is not to say that the parties' intent could be effectuated in no other manner. The process of judicial construction is seldom, if ever, directed to the products of ideal draftsmanship. The deed, in two or more instances, at least suggests a differentiation between the '' premises '' which are specifically conveyed and the '' building thereon ''. The terms '' grantor, his heirs and assigns '', as used in connection with respondent's rights in the building are consistent with the concept of title. The provision that the grantee shall have '' full title and possession '' in the event respondent shall fail to remove or demolish the building within the time limited therefor, while affording some comfort to each party to this litigation, at least indicates the existence of some title in the grantor and a title only future and conditional in the grantee. The references to '' possession '' in the deed and in the agreement cannot be held so unnecessary as to negate the concept of title. It may be assumed that possession of the relatively small land parcel was essential to the exercise of

respondent's rights in the three-story building and his right to remove or demolish it. While, as appellants point out, the deed does not contain the conventional expression of an exception, neither does it set forth the usual provisions applicable to a lease and those stipulating and safeguarding a lessor's rights.

While the factors which we have mentioned seem to us to lead to the conclusion of respondent's ownership, and in aggregate, strongly to demand it, we find in the general scheme and concept of the arrangement proof even more compelling. Subject only to possible forfeiture, which did not affect the status of the property as respected ownership (*People ex rel. Muller* v. *Board of Assessors,* 93 N. Y. 308, 312, *supra*), the effect was to give respondent every material incident of ownership. His possession was complete and exclusive; he could demolish the building and dispose of its parts and fixtures, giving good title thereto, or he could remove it; as between him and his grantee, the mortgages pre-existing the deed were, in effect, inapplicable to the building; his interest was vested in him, " his heirs and assigns " and thus fully alienable and subject to testamentary disposition or to intestate succession.

The " interest of the insured " being that of owner, the measure of his loss is, under the policies, the actual cash value of the property, not exceeding the cost of repair. Appellants seem to concede this corollary to a finding of ownership, stating that they urge no position alternative or secondary to their contention as to the proviso of the insuring clause. In any event, it is clear that respondent's recovery is not limited by reason of the fact that the building stood upon lands of another. " The true measure of damages is the real value of the property, and not its relative value to the assured; consequently the amount recoverable in this case is the real value of the buildings at the time of the fire, and not their relative value to the assured for the purpose of removal." (*Washington Mills Emery Mfg. Co.* v. *Commercial Fire Ins. Co.,* 13 F. 646, 650.) (See, also, *Washington Mills Emery Mfg. Co.* v. *Weymouth Ins. Co.,* 135 Mass. 503, a companion case sued in the State court; and, also, *Queensboro Farm Prods.* v. *State of New York,* 6 Misc 2d 445, 449, affd. 5 A D 2d 967.)

The judgment should be affirmed, with costs to respondent.

BERGAN, J. P., HERLIHY and REYNOLDS, JJ., concur.

Judgment affirmed, with costs to respondent.