Alexander Del Giorno, J.
A judgment awarding damages for the appropriation of claimants’ land having been affirmed, with modification, the only question remaining before this court is the period for which interest upon such award shall run (29 A D 2d 572). Both the State and the claimants rely upon the recent case of Leeds v. State of New York (20 N Y 2d 701) as supporting their respective positions as to the time during which such interest shall be payable.
In its original decision, the court granted interest from the date of the de facto appropriation until six months subsequent to the filing of the appropriation map in the County Clerk’s office. It is now contended by the State that such finding, in light of the Court of Appeals decision in Leeds, was erroneous, and that interest on the award should have been suspended six months subsequent to the date of the de facto taking. Having afforded all parties an opportunity to be heard on the question, the court now concludes that its original determination was correct and, accordingly, adheres thereto.
These claims originally arose out of a strip taking for the widening of Jericho Turnpike. On January 29, 1960 the State entered upon claimants’ land and commenced the necessary excavation work. However, it was not until July 19, 1960 that the State filed its appropriation map in the office of the County *511 Clerk. Thereafter, on January 24, 1961, the claim of the fee owner was filed. In its original decision this court awarded interest from January 29, 1960 until January 19, 1961, i.e., six months after the date of filing of the appropriation map. The State argues that interest should have been suspended as of July 29, 1960, which would be six months subsequent to the de facto taking.
The court is of the opinion that interest may not be suspended until six months have elapsed from the date of the filing of an appropriation map in the office of the County Clerk. Until that event interest continues to run, regardless of whether or not a claimant has been afforded constructive notice by some other means. Until the formal filing of the appropriation map, the State is free to amend, alter or abandon its proposed taking. However, once the map has been filed pursuant to statute the State is no longer able to rescind or withdraw from its announced stance. (See Minesta Realty Co. v. State of New York, 29 A D 2d 335.) In the opinion of the court, it is only then that the “ sale ” takes place and the rights and obligations of the parties become spelled out pursuant to the statute. It is then that the claim of the claimant accrues for the purpose of tolling the interest period.
In the instant case, although it may be presumed that claimants were fully aware of the appropriation by the State, they were not aware, at least with any degree of certainty, what areas would be taken, or to what extent such taking would extend. “ This could not be known since no maps, plans or descriptions available to claimant had been filed or in any other manner become binding on the State.” (Leeds v. State of New York, supra, p. 702.) Accordingly, it is the opinion of the court that interest on the within award is payable from January 29, 1960 to January 19, 1961, and from January 24, 1961 to the date of entry of judgment.