■ MARY F. VEDDER, Individually and as Executrix of HENRY M. VEDDER, Deceased, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 45512.) — REYNOLDS, J. Appeal and cross appeal from a judgment of the Court of Claims awarding claimant the sum of $4,590.46 for certain appropriated property located in the Town of Catskill, Greene County. The State does not dispute the amount of the award but only so much of the judgment as provided " that if County Road No. 47 should be abandoned later as a result of the appropriation, permission is granted to the claimant to file another claim for any damages resulting therefrom, if she be so advised ". While construction of new Route 23, for which the appropriation involved was made, required the relocation of County Road No. 47 to a point where it is no longer contiguous to claimant's property, it is clear that claimant's property presently remains adjacent to old County Road No. 47. The trial court relying presumably on *Jafco Realty Corp.* v. *State of New York* (18 A D 2d 74, affd. 14 N Y 2d 556) and apprehensive that old County Road No. 47 might eventually be abandoned to claimant's asserted detriment decreed, in effect, that the State should be responsible if such abandonment should result from the appropriation. Of course, as the State points out quite correctly the road has not, in fact, been abandoned nor is there any clear indication that it will be so imminently. Moreover, unlike in *Jafco* (*supra*), the decision as to the maintenance or abandonment of the road rests solely with the county authorities and is completely beyond the control of the State. The State is clearly responsible for the entire property interest it takes, even should it later attempt to rescind part of the appropriation to ameliorate the damages (*Minesta Realty Co.* v. *State of New York,* 29 A D 2d 335), but we can find no basis to hold the State responsible for later action taken by the county with respect to the road in question. *Jafco* (*supra*) merely held that the appropriation reserved to claimant certain easement rights which if the State at a later time affected it would then have to compensate the claimant for the damages. Accordingly, since the instant appropriation did not close old County Road No. 47 and since any future decision as to the fate thereof rests exclusively with the county and is beyond the State's control, so much of the judgment as would preserve a claim against the State if the road were closed must be reversed. With respect to the claimant's cross appeal objecting to the court's failure to award consequential damages, the record reveals no more than a factual issue the resolution of which by the trial court we find no reason to disturb. Judgment modified, on the law and the facts, to delete so much thereof as preserved a claim against the State of New York should old County Road No. 47 later be abandoned as a result of the appropriation and the decision modified to delete therefrom findings 21 and 22 and, as so modified, affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli JJ., concur in memorandum by Reynolds, J.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM ALLEN SAULS, Appellant, v. CHARLES McKENDRICK, as Warden of Wallkill State Prison, Respondent.— Judgment affirmed, without costs. (See *People ex rel. Visconti* v. *McMann,* 28 A D 2d 1012.) Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur.