■ Bonnie G. Cohen, Appellant-Respondent, v Bertram Cohen, Respondent-Appellant.—Judgment, Supreme Court, New York County (Burton S. Sherman, J.), entered September 24, 1990, which, *inter alia,* distributed marital property, unanimously reversed, on the law and the facts, and the matter is remitted to the Supreme Court for detailed findings in accordance herewith, without costs.

Judgment of the same court, entered June 28, 1991, which awarded the plaintiff the sum of $500 a week in child support and arrears in the sum of $7,100, unanimously affirmed, without costs.

Order of the same court, entered February 3, 1992, which denied the defendant's motion to vacate the judgment of divorce and equitable distribution, unanimously affirmed without costs.

The plaintiff wife instituted this action for divorce, equitable distribution and child support after thirteen years of marriage and two children. Each of the parties owned a business prior to their marriage. At the time this action was commenced, the parties owned two cooperative apartments and two Westhampton properties. A brokerage account was also maintained in the plaintiff's name.

The Supreme Court, after determining that the marital

property should be divided on an equal basis, and after assessing arrears against the defendant, awarded the plaintiff the value of her business, all of the properties, and funds in the brokerage account. The defendant was awarded the value of his printing business. The plaintiff was also awarded an additional sum of $500,000, which was deemed maintenance.

The judgment of September 24, 1990 must be reversed and the matter remitted to the trial court for detailed findings in accordance with Domestic Relations Law § 236 (B). We note initially that since both of the parties' businesses were acquired prior to their marriage, they are separate property (Domestic Relations Law § 236 [B] [1] [d] [1]). On remand, the court must determine whether the separate property of each spouse appreciated during the marriage "due in part" to the contributions or efforts of the other spouse. The amount of any appreciation must then be added to the sum of marital property for equitable distribution (Domestic Relations Law § 236 [B] [1] [d] [3]; [5]; *Price v Price*, 69 NY2d 8).

The record further reveals that the defendant is entitled to a $29,000 credit for the apartment purchased in 1973. Detailed findings must also be made as to any waste committed by the husband with regard to the Westhampton property.

It was also error to treat the distributive award made to the plaintiff as maintenance. Domestic Relations Law § 236 (B) (1) (b) was designed to ensure that amounts received as a distributive award would not be treated as alimony or maintenance for income tax purposes (Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:9, at 223; *see, Buzzeo v Buzzeo*, 141 AD2d 490; *Perri v Perri*, 97 AD2d 399, *lv dismissed* 61 NY2d 603). We also note that in fashioning the distributive award, the trial court used an erroneous interest factor.

The trial court also overlooked the defendant's pension trust, a marital asset *(Damiano v Damiano*, 94 AD2d 132), in determining the distribution award to the plaintiff. This trust, along with any other pensions of the parties, must be evaluated and distributed on remand.

With regard to arrears, the trial court considered only those arrears accrued to the date of the inception of trial. However, it appears that the defendant remained in arrears in maintenance through the date of entry of judgment.

Under the circumstances, we find that the trial court properly balanced the competing factors in awarding child support *(see,* Domestic Relations Law § 240 [1-b] [f] [10]). Finally,

contrary to the defendant's contentions, the plaintiff's subsequent guilty plea in a Federal criminal case is irrelevant to the issues presented herein.

We have considered the parties' remaining contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Carro, Rosenberger and Rubin, JJ. *[See,* 185 AD2d 197.]