■ Maria Mullin, Appellant, v John M. Mullin, Sr., Respondent.—Mahoney, J. Appeal from a judgment of the Supreme Court (Ingraham, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered August 6, 1991 in Chenango County, upon a decision of the court.

This matrimonial action involves challenges to Supreme Court's equitable distribution of the parties' marital property and its maintenance award. The underlying facts are easily stated. After 16 years of marriage which produced three children, defendant left the marital home prompting plaintiff to commence this action for divorce. Inasmuch as the grounds for divorce were not disputed, the ensuing trial focused primarily upon the parties' marital assets, employment status and income. In this regard it was established that defendant, age 38, is a State Trooper and has been employed as such since 1977. As of trial his base salary was $37,921 and his net income amounted to approximately $1,000 to $1,300 biweekly, depending upon the amount of overtime he put in during the pay period. Plaintiff is 41 years of age and, while not employed at the time of trial, has worked on and off throughout the marriage at a variety of nontechnical jobs and has made monetary contributions of up to $300 weekly to the household income.

Pursuant to a prior Family Court order, plaintiff has physical custody of the children of the marriage, who range in age from 9 to 17 years old, and defendant pays child support of $230 per week to plaintiff (i.e., approximately $920 monthly). An examination of the parties' statements of net worth and their trial testimony reveals that the marital assets consist of approximately $40,000 in equity in the marital residence ($65,000 fair market value less $33,000 outstanding loan from defendant's parents, $8,000 of which represents a car loan), $8,000 in vehicles, $700 in firearms and defendant's pension, the present value of which was estimated to be $85,342.38 if defendant completes 20 years of service and $28,689.16 if he leaves employment prior to completion of the 20-year term. At the time of trial, defendant had been employed for 13 years and indicated an intention to fulfill the 20-year term.

Following trial, Supreme Court originally distributed the marital property as follows: plaintiff received title to the marital residence and its furnishings (subject to all debts and expenses including the $600/month mortgage), the older car and a $12,000 distributive award to be paid by defendant in installments of $200 monthly for 60 months. Defendant received his full pension rights, his motorcycle, the newer car and his firearms. When it was later brought to Supreme Court's attention that approximately 23% of the $600/month mortgage represented an obligation for the automobile awarded to defendant, the court responded by increasing plaintiff's distributive award to $20,000 (i.e., $200/month for 100 months). As regards maintenance, plaintiff was awarded $50 per week for six weeks. Further maintenance was denied "only" because of "insufficient income of [defendant] over and above the child support and monthly payments". Plaintiff appeals.

Based upon a review of the overall financial situation of the parties, we believe that Supreme Court's maintenance and property distribution awards constituted an improvident exercise of discretion. Domestic Relations Law § 236 (B) (5) and (6) mandate that in fashioning a financial settlement upon divorce, courts should not treat property distribution and maintenance as two separate and discrete items, but rather should set each with a view toward the other in an effort to arrive at a fully integrated and complete financial resolution that is best suited to the parties' particular financial situation and their respective needs (see, Scheinkman, 1987 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, DRL C236B:36, 1992 Pocket Part, at 90). In our view, such was not

done in this case. It is clear that plaintiff, who is unemployed, has four children living with her and has a monthly income of $920 (excluding the $200 distributive award), $600 of which must go toward the monthly mortgage payment, is in need of some type of temporary maintenance award, either until she is able to secure gainful full-time employment or in the form of a temporary supplemental award in the event that her salary is insufficient, she can only find part-time employment or her child care situation is such that she can only take on part-time employment. Failure to award maintenance necessitates that plaintiff use the $200 monthly distributive award installments she receives from defendant to meet monthly living expenses, that is, as an 8.5-year de facto maintenance award, a purpose for which distributive awards are not intended (see, Scheinkman, 1987 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, DRL C236B:29, 1992 Pocket Part, at 83-84), and an arrangement which has been expressly rejected by at least one court (see, Buzzeo v Buzzeo, 141 AD2d 490, 491). It is also clear that when the $200 monthly distributive award installment is added to defendant's monthly child support obligations, his personal monthly expenses and the marital debts he was ordered to pay, defendant's salary *cannot* support any maintenance payments (when the $200 monthly distributive award payment is added to the $920 monthly child support obligation, defendant will be paying out close to 50% of his monthly net income to plaintiff). Against this backdrop, the structuring of the property distribution in such a manner as to require defendant to make monthly payments for 8.5 years to plaintiff out of his *current earnings,* which has the effect of rendering him financially unable to make needed maintenance payments, is in our view inappropriate (see, Kyle v Kyle, 156 AD2d 508).

Here, the distributive award ostensibly was made as a means of effecting distribution of defendant's pension benefits. As explained in *Majauskas v Majauskas* (61 NY2d 481), there are two recognized methods of pension distribution—awarding the nonemployee spouse a lump-sum payment discounted for present value or structuring a deferred distributive award consisting of a specific percentage share of the periodic pension benefits the other spouse will receive in the future. Apart from the fact that the award, as structured here, technically fits into neither of these categories, a defect deemed fatal by some courts (see, Kyle v Kyle, supra), in view of the marginally sufficient income to comfortably support the children of this marriage and to maintain two separate households combined

with the insufficiency of liquid assets to satisfy a distributive award and the speculative value of the pension, if any pension rights are to be accorded plaintiff, we believe that a deferred distributive award consisting of a specific share of the periodic pension benefit which defendant will receive in the future would be the more provident course of action *(see, e.g., Damiano v Damiano,* 94 AD2d 132, 139-140; *cf., Farsace v Farsace,* 97 AD2d 951). This alteration will free up $200 monthly for the parties to use to meet much needed current living expenses.

In view of the fact that 1½ years have passed since the challenged awards were made and plaintiff's employment circumstances as well as defendant's salary may have changed, rather than set a dollar amount and durational limit on the maintenance award or to resolve the pension issue, we instead remit the matter to Supreme Court for determination of these issues.*

Mikoll, J. P., Crew III, Casey and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as ordered equitable distribution of the parties' marital property and spousal maintenance; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

* It is well established that the value of *accrued benefits* under a vested or nonvested pension plan is marital property but only to the extent that it accrued during the marriage and prior to commencement of an action for divorce *(see, e.g., Majauskas v Majauskas,* 61 NY2d 481, *supra; Church v Church,* 169 AD2d 851, 852). While unclear, it appears that Supreme Court's valuation figure was not in conformity with this principle and, accordingly, should be reconsidered upon remittal inasmuch as it is relevant to the determination of whether, in view of her receipt of the marital residence, plaintiff is entitled to any share in this asset and, if so, in what amount.