■ BARBARA A. KENNEDY, Respondent, v KEVIN C. KENNEDY, Appellant. [683 NYS2d 608] —Graffeo, J. Appeals (1) from a judgment of the Supreme Court (Lynn, J.H.O.) ordering, *inter alia*, equitable distribution of the parties' martial property, entered July 17, 1997 in Albany County, upon a decision of the court, and (2) from an order of said court, entered June 14, 1997 in Albany County, denying defendant's motion to vacate the maintenance provisions of the judgment of divorce.

The parties were married in June 1978 and their union produced two children. Plaintiff commenced an action for a divorce in January 1996. This appeal is limited to the issues of equitable distribution, the award of maintenance to plaintiff and Supreme Court's posttrial denial of defendant's motion requesting vacatur of the maintenance award.

At the time of the divorce, defendant was employed as a laborer with an income of approximately $45,000 per year. Although plaintiff was unemployed at the time of trial, she had previously held several jobs during the course of the marriage, earning about $21,000 per year. Marital property consisted of the parties' residence, trucks, a horse trailer, farm machinery and several horses. In addition, the parties had repaired two barns and constructed a riding ring on adjacent property owned by plaintiff's aunt. Supreme Court granted the divorce and by stipulation, the parties agreed that plaintiff would retain custody of the unemancipated children and defendant was to pay child support in the amount of $131.30 per week. Additionally, Supreme Court awarded plaintiff maintenance in the sum of $175 per week for a period of 10 years with certain credits to defendant. Plaintiff was also awarded title to the marital residence, together with its furnishings, and ownership of the horses, truck and horse trailer. Defendant received title to the dump truck and certain farm machinery. Defendant now appeals.

We reject defendant's first contention that the barns and riding arena located on property owned by plaintiff's aunt are marital property. Despite defendant's labors and expenditures, absent an express agreement between the parties and plaintiff's aunt that the structures were intended to remain the parties' personalty, the buildings became part of the realty owned by plaintiff's aunt (*see, People ex rel. Hudson River Day Line v Franck*, 257 NY 69; *People ex rel. International Nav. Co. v Barker*, 153 NY 98; *National Cold Stor. Co. v Boyland*, 16 AD2d 267, *affd* 12 NY2d 808; *Girard Ins. Co. v Taylor*, 6 AD2d 359) and Supreme Court's determination in this regard will not be disturbed.

With respect to the horse named "Ima Flashy Zipper", we agree with defendant that the animal is a marital asset. Plaintiff's assertion that it was a gift to their daughter is disputed by defendant and belied by the record, which reveals that title to the horse remained in plaintiff's name and plaintiff acknowledged her continued use of the animal. Plaintiff's expert valued the horse at $5,500, while defendant's expert indicated that it was worth $12,500. Based on a review of the record and according deference to Supreme Court's determination with respect to the credibility of the experts (see, Walasek v Walasek, 243 AD2d 851), we accept the estimate of plaintiff's expert. Accordingly, defendant is entitled to one half of the value of the horse, or $2,750, as a distributive award based on Supreme Court's clear intention to divide the marital property equally.

Defendant's claim that Supreme Court improperly questioned his expert regarding the valuation of the parties' horses is without merit. As there was no objection to the court's questioning, this issue was not preserved for our review (see, Osborne v Schoenborn, 216 AD2d 810). In any event, the questions posed by Supreme Court to defendant's expert were a proper attempt to clarify the appraiser's "guarantee". Acknowledging Supreme Court's discretion to weigh the credibility of an expert witness, we find that the court committed no error in relying on plaintiff's appraisal (see, Walasek v Walasek, supra), which was submitted in evidence by stipulation of the parties.

We concur with defendant that the furnishings at the marital residence should have been deemed marital property with a value assigned for equitable distribution purposes. Plaintiff's testimony that the furnishings were worth $6,902 was credible and was not disputed by defendant, thereby establishing a sufficient basis upon which to make an award (cf., Griffen v Griffen, 115 AD2d 587; Fassett v Fassett, 101 AD2d 604). Since plaintiff was awarded sole ownership of the household's contents (see generally, Mullin v Mullin, 187 AD2d 913), we find that defendant is entitled to one half of their value, or a distributive award of $3,451.

Defendant next asserts that it was error for Supreme Court to award plaintiff maintenance; if maintenance was to be awarded, defendant claims that it was improper to use his distributive award to offset maintenance payments. After finding plaintiff entitled to "substantial" maintenance, Supreme Court engaged in a reduction of plaintiff's maintenance award in recognition that plaintiff would receive most of the marital assets and had no liquid assets from which to pay defendant his dis-

tributive award. Supreme Court, therefore, determined that $175 per week for 10 years was equitable. Although the Domestic Relations Law § 236 (B) (5) and (6) recognizes that maintenance and property distribution should not be treated as "two separate and discrete items, but rather should set each with a view toward the other in an effort to arrive at a fully integrated and complete financial resolution that is best suited to the parties' particular financial situation and their respective needs" (*Mullin v Mullin, supra,* at 914; *cf., Madori v Madori,* 201 AD2d 859), Supreme Court utilized an "offset" in place of separate awards for maintenance and equitable distribution. This matter is, therefore, remitted to Supreme Court for further determination and recalculation of separate and distinct awards. In the interim, Supreme Court's maintenance award shall continue in full force and effect until a further order is issued.

Finally, defendant cites as error Supreme Court's failure to conduct a hearing pursuant to Domestic Relations Law § 248 on his posttrial motion to vacate the maintenance award. It is well established that cohabitation alone is insufficient for the purposes of this statute (*see, Northrup v Northrup,* 43 NY2d 566) and, therefore, Supreme Court's denial of a hearing based on defendant's failure to set forth a prima facie case was proper.

We have considered the remaining contentions of the parties and find them to be without merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment and order are modified, on the facts, without costs, by awarding defendant $6,201 as an additional distributive award, representing $3,451 for the value of one half of the household furnishings and $2,750 for his interest in the horse "Ima Flashy Zipper", and by reversing so much thereof as awarded plaintiff $175 per week in maintenance; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision, and the maintenance provision of Supreme Court's judgment of divorce dated July 5, 1997 shall continue in full force and effect until such further order; and, as so modified, affirmed.