■ Boris Lipovsky, Respondent, v Eleanor Lipovsky, Appellant. [706 NYS2d 185] —In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of the Supreme Court, Kings County (Harkavy, J.), dated April 30, 1998, which, *inter alia,* directed the plaintiff to pay her the sum of $1,205 per month for 100 months, representing her equitable share in his medical practice and license, as maintenance, and denied her request for an attorney's fee.

Ordered that the judgment is modified, on the law, by deleting the fifth decretal paragraph thereof awarding maintenance in the sum of $1,205 per month for 100 months, and deleting from the ninth decretal paragraph the phrase "in the form of maintenance, as provided for in the maintenance provision set forth above"; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Kings County, for a new determination (a) as to the manner of distribution of the defendant's equitable share of the plaintiff's medical practice and license, and (b) as to the amount of maintenance to be awarded, if any.

The defendant contends, *inter alia,* that the Supreme Court violated the doctrine of law of the case by valuing the plaintiff's medical practice as of 1989 when the action was commenced, rather than as of 1994, in accordance with an earlier order of the same court, dated November 14, 1994. We disagree.

The doctrine of law of the case operates to foreclose the reexamination of a question absent a showing of a change of law (*see, Matter of Yeampierre v Gutman,* 57 AD2d 898). Here

the relevant law relating to the valuation of professional licenses changed after the issuance of the order dated November 14, 1994. In *McSparron v McSparron* (87 NY2d 275), the Court of Appeals held that a professional license that has been utilized by the spouse licensee to establish and maintain a career did not merge with the career and thereby lose its character as a separate distributable asset. Given the change in the relevant law, the Supreme Court was no longer bound by the prior order.

Under the circumstances of this case, where the marriage was of long duration and both parties had made significant contributions to it, the Supreme Court properly made the division of the marital assets as equal as possible (*see, Granade-Bastuck v Bastuck,* 249 AD2d 444).

There was conflicting testimony with respect to the value of the plaintiff's medical practice. The Supreme Court credited the opinion of the plaintiff's expert and we find no error in this regard (*see, Vainchenker v Vainchenker,* 242 AD2d 620). However, the Supreme Court erred in directing that the defendant's equitable share of $120,500 in the plaintiff's medical practice and license be paid in the form of maintenance at the rate of $1,205 per month for 100 months. A distributive award is intended to reflect the equitable division of the marital assets between the parties, while maintenance is merely a payment awarded in the discretion of the court to a needy spouse (*see, Grunfeld v Grunfeld,* 255 AD2d 12, 19-20). In view of these distinct purposes, this Court has previously indicated that the treatment of a distributive award as maintenance is improper (*see, Buzzeo v Buzzeo,* 141 AD2d 490, 491; *Perri v Perri,* 97 AD2d 399, 400; *see also, Kennedy v Kennedy,* 256 AD2d 1048, 1049-1050; *Mullin v Mullin,* 187 AD2d 913, 914-915; *Cohen v Cohen,* 184 AD2d 347, 348). Accordingly, the matter must be remitted to the Supreme Court for a new determination of the manner in which the distributive award is to be paid, and on the issue of whether maintenance should be awarded and, if so, in what amount.

The Supreme Court providently exercised its discretion in denying the defendant's application for an award of an attorney's fee (*see,* Domestic Relations Law § 237; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879).

The parties' remaining contentions are without merit. Joy, J. P., Thompson, McGinity and Feuerstein, JJ., concur.