■ MARC W. MILLER, Appellant-Respondent, v COLLEEN K. MILLER, Respondent-Appellant. [772 NYS2d 413]—

Lahtinen, J. Cross appeals from a judgment of the Supreme Court (Kavanagh, J.), entered January 17, 2003 in Ulster County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court.

The parties were married in 1982 and have no children. Plaintiff is an attorney and also invests in real estate. He earned his law degree prior to the marriage. Defendant holds a Master's degree in fine arts and is the Director of the Center for Photography in the Town of Woodstock, Ulster County. In 1999, plaintiff earned $135,399 and defendant earned $31,000. Plaintiff was 54 years old and defendant was 51 years old at the time of trial.

At the beginning of their marriage, the parties agreed to keep all of their finances separate and distinct, and they adhered to this agreement. Plaintiff commenced this divorce action in November 1999. The parties entered into a written opting out agreement regarding the division of much of their property. However, they were unable to resolve some issues, centering primarily around various investment real estate, the marital home and some works of art.

Following a trial, Supreme Court found that the investment property was plaintiff's separate property, but awarded defendant 20% of the net value of that property. The court deemed the marital home to be plaintiff's separate property, finding that he purchased it before the marriage and made all the payments for the mortgage and general maintenance from his separate funds. The disputed art collections, valued at about $78,000, were awarded to defendant. Both parties appeal.

Where property is separate, the nontitled spouse may nevertheless be awarded part of the appreciated value occurring during the marriage when the nontitled spouse made indirect contributions and the titled spouse's role in the property's appreciation was not merely passive (see Hartog v Hartog, 85 NY2d 36, 45-46 [1995]; Price v Price, 69 NY2d 8, 11 [1986]; Lawson v Lawson, 288 AD2d 795, 796 [2001]). Here, the parties agreed from the outset not to treat the marriage as an economic partnership, there are no children of the marriage, and they pursued their own careers and interests during the marriage. Under these unique circumstances—with the parties conducting themselves during the marriage inconsistent with the typical "economic partnership"—and in light of a lack of convincing proof of indirect contributions facilitating the titled spouse's role regarding separate investment property (some of which grew only passively), we find no basis for an equitable distribution of such investment property. Moreover, the proof in the record as to the appreciation of much of the investment property is inadequate.

We reach a different conclusion, however, as to the marital home. Notwithstanding the unusual economic relationship of

the parties, they resided together in that home during the entire 17-year marriage. The record bears out that, during that time, defendant made a host of direct and indirect contributions to the home. These range from her expertise in decorating to assisting in sundry ways with plaintiff's teenage son from a prior marriage who resided at the home for awhile. Although she did not make significant monetary contributions to the home (such as mortgage payments, maintenance costs and taxes), defendant's long-term residence there and nonmonetary contributions convince us that she should receive 40% of the appreciation of this separate property that occurred during the marriage. The proof at trial established that the marital home had a value of $95,500 in 1982 when the parties were married and $225,000 in 1999 when the instant action was commenced. The amounts paid by plaintiff from his separate funds for costs related to the home are not adequately established in the record to support any specific monetary deduction from the increase in value of $129,500. Defendant is entitled to 40% of such increase, which is $51,800.

We find unpersuasive plaintiff's argument that the awards for maintenance, expert fees and counsel fees were not proper. Supreme Court discussed the relevant statutory factors and set forth the reasons for its conclusion regarding maintenance (*see* Domestic Relations Law § 236 [B] [6] [a], [b]). Factors influencing the court's decision included, among others, the long duration of the marriage, the disparate financial status of the parties and the parties predivorce standard of living. In light of such circumstances, an award of $250 per week for three years was well within Supreme Court's discretion (*see Moschetti v Moschetti*, 277 AD2d 838, 838-839 [2000]). Similarly, Supreme Court acted within its discretion in directing plaintiff to pay all expert fees and 50% of defendant's counsel fees (*see Nelson v Nelson*, 290 AD2d 826, 828 [2002]). The remaining arguments have been considered and found to be unpersuasive.

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as made an award with respect to the investment real estate in the amount of $48,340; award defendant $51,800 for the increase in value of the marital home; and, as so modified, affirmed.