■ BONNIE L. DASHNAW, Respondent, v MICHAEL DASHNAW, Appellant. [783 NYS2d 93]—

Spain, J. Appeals (1) from an order of the Supreme Court (McGill, J.), entered January 4, 2002 in Clinton County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court, and (2) from the judgment entered thereon.

The parties herein were married in 1987 and have no children. Throughout the marriage, defendant was employed in various nonmanagerial roles at his family's business (hereinafter the family business), and plaintiff maintained either full-time or part-time work, including work at the family business.

Prior to their separation in 1999, the parties had been living together rent-free in a home owned by defendant's parents and were required to pay only property taxes, utilities and upkeep expenses. Beginning in 1997 and ending in August 1999, defendant's father and brother conveyed to defendant alone three separate rental properties located in the Town of Peru, Clinton County.

In December 1999, plaintiff commenced this divorce action on the ground of cruel and inhuman treatment and sought, among other things, equitable distribution. Defendant thereafter counterclaimed on the same grounds. Following a trial, Supreme Court granted plaintiff a divorce on the ground alleged and, among other things, ordered equitable distribution of the parties' marital property; neither party was awarded maintenance. Defendant now appeals, challenging the equitable distribution award.

We first reject defendant's contention that the rental proper-

ties he acquired during the marriage constitute his separate property as gifts from a nonspouse. It is well settled that any " '[p]roperty acquired during the marriage is presumed to be marital property and the party seeking to overcome such presumption has the burden of proving that the property in dispute was separate property' " (*Cassara v Cassara*, 1 AD3d 817, 818 [2003], quoting *Walasek v Walasek*, 243 AD2d 851, 854 [1997]). The term "marital property" is broadly construed and means "all property acquired by either or both spouses during the marriage and before . . . the commencement of a matrimonial action, regardless of the form in which title is held" (Domestic Relations Law § 236 [B] [1] [c]; *see Price v Price*, 69 NY2d 8, 15 [1986]; *Judson v Judson*, 255 AD2d 656, 657 [1998]). Notably, the fact that property is conveyed by a nonspouse to only one spouse during the marriage is not necessarily "determinative on the issue of whether the property is separate or marital in nature" (*Seidman v Seidman*, 226 AD2d 1011, 1012 [1996]).

Here, the record reveals that plaintiff made significant economic and noneconomic contributions sufficient to render the rental properties marital assets. Initially, plaintiff secured a $7,500 loan in her name which she placed in the parties' joint bank account, thereby enabling defendant to both obtain a mortgage on the first rental property acquired and to pay his closing costs. Moreover, plaintiff testified that defendant informed her that the property was not in her name so as to protect their assets and allow her to file for bankruptcy if necessary to protect their assets, and to permit her to draw unemployment during the winter as defendant could not do so on account of his receiving income from the property. Additionally, Supreme Court concluded that plaintiff also bore significant managerial and housekeeping duties with respect to all three rental properties, handling prospective and existing tenant matters, and discounted defendant's testimony to the contrary, which consisted mostly of his inability to recall any of plaintiff's contributions and his attempts to diminish their importance. The record before us supports the determination that defendant failed to meet his burden of showing that the rentals were his separate property (*see Miller v Miller*, 4 AD3d 718, 719-720 [2004]; *Matwijczuk v Matwijczuk*, 261 AD2d 784, 785-786 [1999]).

We also reject defendant's contention that Supreme Court erred in using the purchase price of the rental properties, rather than their fair market value, in valuing his gift equity in those properties. Defendant asserts that he is entitled to a higher

amount of gift equity because the fair market value of the properties both at the time of the closings and at the date of the commencement of the action was considerably higher. Indeed, if his father and brother had wished to give defendant a greater gift of equity by listing the fair market value of the properties and gifting him the balance after his contributions, they certainly could have done so. Instead, they arrived at a value for each property and then gifted to defendant any balance that he could not pay. In our view, the court properly considered only the purchase price as listed by the sellers in the closing documents rather than the fair market value of the rentals. Mindful that this Court will not disturb an equitable distribution award absent an abuse of discretion (*see Charland v Charland*, 267 AD2d 698, 700 [1999]), we find no basis to alter this determination.

Defendant next argues that Supreme Court erred in valuing certain items of personal property as of the date of their purchase rather than the date of commencement of the action or the date of the trial. Notably, neither party obtained an appraisal of the personal property and the only relevant valuation testimony came from plaintiff, who recalled the purchase price of various items acquired during the marriage. It is well established that "[t]he trial court has discretion and flexibility in selecting the proper date for valuing marital property" (*Solomon v Solomon*, 307 AD2d 558, 560 [2003], *lv denied* 1 NY3d 546 [2003], quoting *Sagarin v Sagarin*, 251 AD2d 396, 396 [1998]) and should make its determination "with due regard for all of the relevant facts and circumstances" (*McSparron v McSparron*, 87 NY2d 275, 287 [1995]). Faced with no opposing proof from defendant about the fair market value of this property at any time, we cannot say that the court was not within its discretion in accepting plaintiff's testimony and assigning each piece of property its date-of-purchase value (*see Spenello v Spenello*, 274 AD2d 822, 824 [2000]; *Kennedy v Kennedy*, 256 AD2d 1048, 1049 [1998]; *Fassett v Fassett*, 101 AD2d 604, 604-605 [1984]).

We find merit, however, in defendant's contention that Supreme Court erred in its finding that a chain link fence the parties installed around property owned by his parents was distributable property. The court incorrectly determined that the installed fence, a fixture, was marital property and erred in crediting its value—$5,000—to defendant as part of his share of the distribution (*see Kennedy v Kennedy, supra* at 1048).

Finally, we reject defendant's assertion that Supreme Court improperly determined that defendant was solely responsible

for repayment of his student loans. We find ample support in the record that defendant's degree did not confer an economic benefit upon the marriage inasmuch as defendant did not utilize it in the course of any employment. The court determined that plaintiff's earnings were used to pay at least part of defendant's educational expenses and, during the first two years of their marriage while defendant was a full-time student and until his graduation in 1989, plaintiff maintained the marital residence, worked full-time outside the home and contributed her income to the joint account from which they later repaid defendant's student loans after he graduated. While the incomes of the parties are relatively similar, only defendant can now benefit from the degree and, in any event, his earning potential is greater than plaintiff's due to the nature of his degree and his relationship with his family's business. We cannot say that the court abused its discretion in concluding that defendant alone should bear the obligation of repayment of the balance of his student loans (*see Burgio v Burgio*, 278 AD2d 767, 769 [2000]; *see also Gelb v Brown*, 163 AD2d 189, 194 [1990]).

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order and judgment are modified, on the law and the facts, without costs, by reversing so much thereof as found the chain link fence to be marital property; reduce the net value of the marital estate to $94,232.40 and plaintiff's distributive award to $32,847.80; and, as so modified, affirmed.