NICOLE A. BATEASE, Respondent, v GLENN A. BATEASE, Appellant. [897 NYS2d 305]—

Peters, J.P. Appeal from an order of the Supreme Court (Krogmann, J.), entered February 9, 2009 in Warren County, which granted plaintiff's motion for an order determining that

a certain parcel of real property is subject to equitable distribution.

Prior to the parties' marriage, defendant sought to purchase a parcel of land in Warren County. Because divorce proceedings were pending concerning his first marriage, defendant asked his parents to purchase the parcel, which they did in February 2002. Defendant then began building a residence on the parcel, to which plaintiff contributed financially both before and after their October 2003 marriage. Sixteen days after the parties married, defendant's parents conveyed the parcel to him.

Plaintiff commenced this action for divorce in March 2006. Following discovery, which included examinations before trial of defendant's parents, plaintiff moved for a pretrial order classifying the parcel as marital property. In opposition, defendant attempted to show that the parcel was separate property by arguing that his parents were his agents when they purchased the property prior to the marriage or, alternatively, that it was a gift from his parents solely to him. Supreme Court found that, since the parcel was acquired during the marriage, it was presumed to be marital property and defendant bore the burden of proving that it was separate property. Finding that the deposition testimony of defendant's parents failed to support either of defendant's assertions, Supreme Court granted plaintiff's motion. Defendant now appeals.

Defendant contends that Supreme Court erroneously classified the parcel as marital property, arguing that the evidence proffered on the motion was sufficient to raise an issue of fact as to whether it was a gift to him alone from his parents.* Marital property is defined as "all property acquired by either or both spouses during the marriage and before . . . the commencement of a matrimonial action, regardless of the form in which title is held" (Domestic Relations Law § 236 [B] [1] [c]). Separate property, on the other hand, includes "property acquired . . . by . . . gift from a party other than the spouse" (Domestic Relations Law § 236 [B] [1] [d] [1]).

Here, because the parcel was acquired during the marriage, it was presumed to be marital property (see Dashnaw v Dashnaw, 11 AD3d 732, 733 [2004]; Cassara v Cassara, 1 AD3d 817, 818 [2003]; Walasek v Walasek, 243 AD2d 851, 854 [1997]). In support of her motion to classify it as marital property, plaintiff submitted the deposition testimony of defendant's parents. Al-

---

* On this appeal, defendant has not raised his alternative argument that his parents acted as his agents in acquiring the property prior to the marriage. As such, the issue is deemed abandoned (see Devine Real Estate, Inc. v Brennan, 42 AD3d 646, 648 n [2007]).

though defendant's mother could not recall whether the parcel was given to defendant as a gift or if repayment was expected, defendant's father unequivocally testified that he did not make any gifts of property or money to defendant during the relevant time period. Rather, he testified that he purchased the parcel for defendant and expected to be repaid the purchase price. At the time of his deposition, defendant's father explained that defendant owed him approximately $180,000—which included the $242,000 purchase price of the parcel—and that he had been repaid in part for it through various payments made by defendant over the course of the previous years.

In opposition, it was defendant's burden to lay bare his proof to establish a triable issue of fact as to whether the parcel was, in fact, given to him as a gift (*see Dashnaw v Dashnaw*, 11 AD3d at 733; *Cassara v Cassara*, 1 AD3d at 818; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). While defendant stated as much in his affidavit, pointing to the recording sheet of the deed that indicated it had been conveyed to him for no consideration, he nonetheless acknowledged that he agreed to repay his parents the purchase price when he was able to. Although he argues that such an indefinite promise to repay is not valid consideration for the conveyance of the parcel, "[t]he hallmark of a gift is that it is 'a voluntary transfer of property without consideration or compensation' " (*Wilcox v Wilcox*, 233 AD2d 565, 566 [1996], quoting 62 NY Jur 2d, Gifts § 1, at 182-183), and the inquiry focuses on the subjective intent of the donor at the time of the conveyance (*see Matter of Ajamian*, 270 AD2d 724, 727 [2000], *lv dismissed* 95 NY2d 931 [2000]; *Gordon v Gordon*, 70 AD2d 86, 91 [1979], *affd* 52 NY2d 773 [1980]). With uncontradicted proof that repayment from defendant was expected, we fail to find a genuine issue of fact as to whether the conveyance of the parcel to defendant was a gift. As such, Supreme Court properly classified it as marital property.

Spain, Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.