■ MERIDEN PULLMAN, Appellant-Respondent, v DONALD PULLMAN, Respondent-Appellant.—Judgment of the Supreme Court, New York County (Martin J. Evans, J.), entered on August 9, 1990, which, *inter alia,* awarded custody of the parties' children to plaintiff, provided for visitation to defendant, directed that defendant pay plaintiff the sum of $20,000 per year for his share of the child support obligations and determined the equitable distribution of the parties' property, is unanimously modified on the law, the facts and in the exercise of discretion to the extent of vacating the directions as to child support and remanding this matter for computation pursuant to Domestic Relations Law § 240 (1-b), vacating the directions with respect to the equitable distribution of the parties' property, finding that all of the parties' assets constitute marital property and that each party is entitled to a fifty (50) percent share thereof, remanding the question of equitable distribution for recalculation in accordance with the decision herein, and otherwise affirmed, without costs or disbursements.

Order of the Supreme Court, New York County (Martin J. Evans, J.), entered on or about August 9, 1990, which, *inter alia,* directed defendant to restore the marital residence to the market, awarded plaintiff additional counsel fees and made certain provisions relating to the equitable distribution of property, is unanimously modified on the law, the facts and in

the exercise of discretion to the extent of vacating the directions dealing with equitable distribution and awarding plaintiff fifty (50) percent of both the proceeds of the sale of Fairfield Mall property and the payments made to defendant in his capacity as a general partner of the Fairfield Mall, and otherwise affirmed, without costs or disbursements.

The parties herein were married on November 11, 1977; their two children were born in 1981 and 1984. The Supreme Court, following a trial conducted with respect to this matrimonial action, credited the testimony of defendant-husband that he possessed a substantial amount of cash at the time of the marriage which he applied to the acquisition of many of the couple's various possessions. Accordingly, the court determined that most of the parties' assets did not constitute marital property and awarded them entirely or in large part to defendant. In that regard, the court found that only a small portion of the parties' total assets was actually marital property, and this remainder was distributed equally between plaintiff and defendant. However, there is a presumption that assets commingled with other property acquired during the course of the marriage are marital property *(see, Di Nardo v Di Nardo,* 144 AD2d 906; *Lischynsky v Lischynsky,* 120 AD2d 824). The party seeking to rebut that presumption must adequately trace the source of the funds *(Sarafian v Sarafian,* 140 AD2d 801). Indeed, the New York Court of Appeals has expressly held that the term "marital property" is to be construed broadly in order to effectuate the economic-partnership concept of the marriage relationship recognized in Domestic Relations Law § 236 (B) *(Price v Price,* 69 NY2d 8). Similarly, since separate property is described in the statute as being an exception to marital property, it should be narrowly interpreted *(Price v Price, supra).*

Yet, the Supreme Court, despite characterizing as "sparse" defendant's evidence that he had approximately $750,000, evidently maintained in a safe deposit box, at the time of his marriage, still concluded that the majority of the couple's assets was not marital property. This was error. In the absence of clear proof that defendant possessed this money when he and plaintiff married, all of the parties' assets should have been deemed marital property and, under the circumstances herein, distributed equally. Certainly, defendant did not sufficiently establish that he entered into the marriage with the resources claimed by him such as would justify the inequality of the property division that occurred herein. Consequently, a new accounting of the marital property is mandated.

Moreover, plaintiff and defendant both object to the award of child support. In that regard, the Child Support Standards Act (Domestic Relations Law § 240 [1-b]) is applicable, as in the instant matter, to actions commenced prior to the effective date of the law but not yet finally resolved *(Gelb v Brown,* 163 AD2d 189). In view of the disposition by this court with respect to equitable distribution, the changed financial situation of the parties, the fact that the marital residence has thus far not been sold and the lack of evidence as to the progress of defendant's illness, this issue should be remanded for a calculation of the parties' respective support obligations pursuant to Domestic Relations Law § 240 (1-b). We have considered the other contentions raised in this appeal and find them to be without merit. Concur—Sullivan, J. P., Milonas, Ross, Kassal and Rubin, JJ.