■ Gail Sclafani, Respondent, v Jerome Sclafani, Appellant.—Weiss, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Sweeny, Jr., J.) ordering, inter alia, equitable distribution of the parties' marital property, entered August 2, 1990 in Putnam County, upon a decision of the court.

Following his marriage to plaintiff on July 2, 1983, defendant commenced working as an hourly employee for Sclafani Petroleum, a heating oil business owned by his brother Louis

Sclafani (hereinafter Sclafani). In October 1986, the business was incorporated as Sclafani Petroleum Inc. at which time 20 shares of the stock in the corporation were issued to defendant. Within a day or two thereafter, 20 additional shares were issued to defendant, it being the intent of Sclafani that defendant own 20% of the corporation. In the spring of 1988 defendant received an additional 10 shares, increasing his equity to 25% of the corporation where he continued to work as an hourly employee.

Defendant contends that the shares represent gifts from Sclafani and are thus his separate property, whereas plaintiff contends and Supreme Court found that the shares represented compensation and, as such, were marital property. The court credited plaintiff's testimony describing defendant's belief that he was entitled to an interest in the business because of his hard labor, and that part of Sclafani's testimony in which he stated that he valued defendant's services and sought to have him continue with and be part of the business. No shares were ever given to other siblings, except the one share given to another brother who worked for Sclafani for six months, and no gift tax return was filed. Supreme Court found this testimony sufficient to support plaintiff's contention that the transfers of the shares of the stock were actually compensation to defendant for his work rather than gifts from Sclafani.

Marital property and separate property sharply contrast each other in that assets found to be marital property in a divorce action are subject to equitable distribution (Domestic Relations Law § 236 [B] [5] [c]). The Legislature has defined and the Court of Appeals has held that the term marital property is to be applied broadly in order to give effect to the concept that marriage is an economic partnership (see, Price v Price, 69 NY2d 8, 15; see also, Sarafian v Sarafian, 140 AD2d 801, 804). Thus, property acquired during the marriage is presumed to be marital property (Lord v Lord, 124 AD2d 930, 931; Lischynsky v Lischynsky, 120 AD2d 824, 826). On the other hand, the term " 'separate property' " is "an exception to marital property" which is to be narrowly construed (Price v Price, supra, at 15 [emphasis omitted]; see, Majauskas v Majauskas, 61 NY2d 481, 489-490). The burden was thus upon defendant to prove that the shares of stock were his separate property (see, Sarafian v Sarafian, supra, at 805). Concededly, defendant and his brother both testified that the shares were a gift. Supreme Court found that they were clearly work related and given as bonuses in recognition for faithful past

performances, as well as to encourage continued loyalty and service in the future *(see,* Black's Law Dictionary 165 [5th ed 1979]). Inasmuch as evidence in the record supports this finding, which was ultimately focused upon witness credibility, we afford due deference to the determination of the trial court *(Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499; *Eschbach v Eschbach,* 56 NY2d 167, 173; *Briggs v Di Donna,* 176 AD2d 1105, 1107; *Matter of Amy J. v Brian K.,* 161 AD2d 1022, 1023). We cannot say that it was error for Supreme Court to credit plaintiff's version.

Defendant next contends that a portion of the stock should have been allocated to reflect his work during the 18-month period prior to the marriage. We note, however, that this issue was not raised before Supreme Court, nor did defendant tender evidence to support any allocation of stock for work prior to the marriage, thus failing to preserve it for review *(see, Gunzburg v Gunzburg,* 152 AD2d 537, 538). Moreover, the record supports the contrary conclusion that defendant began working longer hours in the years immediately preceding the time when he received the stock, and that the court gave due consideration by determining that plaintiff was entitled to only 30% of the value of the stock. We reject defendant's contention that he is entitled to an adjustment of the distributive award upon this speculative theory.

Finally, defendant contends that the award of $7,500 to plaintiff as counsel fees was inappropriate because of the liquid nature of the $69,000 distribution to be received by her. Supreme Court weighed the relative financial situation of the parties which showed that plaintiff was unemployed and had custody of a young child which prevented her from full-time employment until September 1991 when the child would start school. At that time she could earn minimum wages compared to defendant who was earning in excess of $40,000 a year in a successful family-held business in which he held a 25% equity. The award was within the sound discretion of the court and which has not been shown to have been abused *(see, Culnan v Culnan,* 142 AD2d 805, 808, *lv dismissed* 73 NY2d 994).

Casey, J. P., Levine, Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed, with costs.