■ MERIDEN PULLMAN, Respondent, v DONALD PULLMAN, Appellant. [606 NYS2d 618] —Order, Supreme Court, New York County (Martin Evans, J.), entered October 15, 1992, which denied defendant's motion for a new trial on the ground of newly discovered evidence, unanimously affirmed, without costs.

In a prior order, this Court reversed the trial court's finding that defendant had $750,000 in pre-marital cash, held such to be marital property that should be distributed equally, and remanded for a new accounting of the marital property (176 AD2d 113). On remand, plaintiff's testimony that she saw this cash was construed by defendant to be inconsistent with her position at trial, and therefore newly discovered evidence warranting a new trial. The trial court disagreed, stating that the testimony could not be considered newly discovered evidence that would have led to a different result, if presented at the trial but, to the contrary, would have served as additional support for the court's original decision, and that any relief on the basis of such testimony could only be afforded by this Court.

A new trial is not warranted, there being no showing by defendant why the claimed newly discovered evidence could not have been earlier discovered by the exercise of due diligence (see, Cornwell v Safeco Ins. Co., 42 AD2d 127, 134-135; Rose v Bailey, 36 AD2d 638, appeal dismissed 28 NY2d 857). Moreover, even if plaintiff did see the cash, this hardly proves that its origin was pre-marital, and as we noted in our prior decision, since all of the parties' assets were commingled during the marriage and used to purchase marital property, such property is presumed to be marital. Concur—Ellerin, J. P., Asch, Rubin and Nardelli, JJ.