■ JAMES A. CARNEY, Appellant-Respondent, v DIANE C. CARNEY, Respondent-Appellant. [609 NYS2d 425] —Cardona, P. J. Cross appeals from a judgment of the Supreme Court (Relihan, Jr., J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered April 26, 1993 in Tompkins County, upon a decision of the court.

Plaintiff and defendant were married in New Jersey on September 9, 1983 at which time they were 53 and 47 years of age, respectively. This was the third marriage for both parties. In 1988, plaintiff sold his accounting practice and the parties moved to Tompkins County, where they bought a bed and breakfast establishment called Decker Pond Inn. This action for divorce and equitable distribution was commenced on July 18, 1990. After a nonjury trial and a supplemental hearing to obtain additional evidence on the specific value of certain property, Supreme Court granted each of the parties a divorce, classified the parties' property and distributed the marital assets. Certain personal property, which the court deemed to be marital but which was not specifically awarded to either party, was ordered sold with the proceeds to be divided equally. The court also ordered the parties to sell the marital residence, including the bed and breakfast business, with these proceeds also to be divided equally after expenses. Both parties have filed cross appeals raising various issues with respect to equitable distribution, only some of which now merit discussion.

Prior to the parties' marriage, plaintiff acquired an office building in New Jersey for $120,000 to which he made several thousand dollars worth of improvements. No further capital improvements were made after the parties married. In July 1988, the building was sold for $340,000 and a gain of $233,265

was realized. There is no question that this building was plaintiff's separate property having been purchased prior to the parties' marriage *(see,* Domestic Relations Law § 236 [B] [1] [d] [1]). Furthermore, we find that defendant is not entitled to share in the increased value of this building as she has failed to establish that her efforts contributed to its appreciation *(see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881; *Price v Price,* 69 NY2d 8, 15-16). Similar reasoning forecloses defendant's entitlement to one half of the proceeds that plaintiff received from the sale of his accounting business which was well established for 27 years when the parties married.

Despite the characterization of the office building as separate property, we reject plaintiff's contention that he is entitled to certain credits with respect to Decker Pond, claiming that he used the proceeds from the sale of the office building for the down payment on said property, its renovations and the personal property contained therein. First, as Supreme Court held, the parties always intended that their purchase in this property, both real and personal, would be marital property and treated it as such in all respects. In addition, although the proceeds of the sale were initially separate property, plaintiff put this money into joint bank accounts out of which all of these purchases were made. Having taken the separate property and commingled it with assets in a joint account, plaintiff converted the proceeds to marital property *(see, Glazer v Glazer,* 190 AD2d 951, 953; *Pullman v Pullman,* 176 AD2d 113, 114; *Di Nardo v Di Nardo,* 144 AD2d 906, 907). Because plaintiff cannot specifically trace the source of the funds used to make the purchases with respect to Decker Pond, the court is justified in treating the proceeds as marital property and, therefore, plaintiff is not entitled to any credits for said purchases *(see, Heine v Heine,* 176 AD2d 77, 83, *lv denied* 80 NY2d 753; *Pullman v Pullman, supra,* at 114; *Sarafian v Sarafian,* 140 AD2d 801, 804).

We now turn to the issue of the capital gains taxes that were owed on the office building. The record reveals that a major portion of these taxes were paid out of the proceeds from the sale of the parties' marital residence in New Jersey. Having determined that the building, including the appreciation thereof, was plaintiff's separate property, we find that marital funds should not have been used to pay off this liability and, therefore, defendant is entitled to a credit of one half of these capital gains taxes. With regard to the final payment, defendant contends that she is entitled to a credit

for the entire amount, alleging that the source of said payment was a loan from her mother. Because there is no conclusive evidence that this payment came from anything other than marital assets, we find that defendant is only entitled to one half of that payment also.

Defendant should also be given a credit for the $3,000 which she gave to plaintiff when the parties separated. Plaintiff specifically testified that this money would be used to offset the eventual distribution of their assets.

We now turn to the issues raised with respect to plaintiff's shares of stock in National Community Bank (hereinafter National) and Public Service Electric and Gas (hereinafter PSE&G). Initially, we reject plaintiff's contention that 80 shares of National stock should have been deemed his separate property. As plaintiff failed to offer any conclusive evidence as to the number of shares of National stock that he may have owned prior to the marriage, although given ample opportunity to do so, we agree with Supreme Court that all 134 shares of said stock, and the dividends derived therefrom, constitute marital property *(cf., Pontorno v Pontorno,* 172 AD2d 734; *see, Pullman v Pullman,* 176 AD2d 113, 114, *supra).* We find, however, that Supreme Court erred in awarding defendant one half of the dividends on the 600 shares of PSE&G stock because plaintiff sold these shares some three months prior to the commencement of the action. As the total amount of these dividends equalled $3,204, to which defendant was awarded one half, the judgment should be modified accordingly.

Plaintiff also claims that he is entitled to that portion of defendant's Merrill Lynch individual retirement account which she acquired, through employer contributions, while they were married. Inasmuch as the contributions to this account were made during the course of the parties' marriage, Supreme Court erred in characterizing the entire account as separate property *(see, Majauskas v Majauskas,* 61 NY2d 481, 485-486). It is argued that plaintiff failed to meet his burden of establishing the value of his interest in this account and, therefore, he is not entitled to any share of it *(see, Shapiro v Shapiro,* 151 AD2d 559, 561; *Davis v Davis,* 128 AD2d 470; *Michalek v Michalek,* 114 AD2d 655, 657, *lv denied* 69 NY2d 602). However, given the parties' respective financial circumstances and the fact that each party was able to keep those individual retirement accounts in his or her name, including $9,100 in plaintiff's accounts which were deemed marital

property, we find that no error results from Supreme Court's failure to award plaintiff a share of the Merrill Lynch account.

We finally note that it was not inappropriate, under the circumstances herein, for Supreme Court to order the sale of the marital property *(see, Church v Church,* 169 AD2d 851, 853; *Millman v Millman,* 168 AD2d 777, 779; *Tanner v Tanner,* 107 AD2d 980, 982). Moreover, defendant is not entitled to any credit for the capital expenditures and maintenance costs allegedly incurred to operate the business after the commencement of the action inasmuch as she was entitled to retain all revenues relating to the operation of Decker Pond and her evidence to support this claim is lacking. Any remaining contentions advanced by plaintiff and defendant have been considered and found lacking in merit.

Mercure, Crew III, White and Weiss, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded defendant one half of the dividends attributable to 600 shares of Public Service Electric and Gas stock; award defendant a credit for one half of the capital gains taxes paid on the sale of plaintiff's office building and award plaintiff a credit in the amount of $3,000; and, as so modified, affirmed.