■ JOAN P. SEIDMAN, Respondent, v ABRAM A. SEIDMAN, Appellant. [641 NYS2d 431] —Crew III, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Barone, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered October 20, 1994 in Orange County, upon a decision of the court.

The parties were married in 1976 and have two children, Sarah (born in 1980) and Mark (born in 1982). The parties separated in August 1990, and in March 1991 plaintiff commenced this action for divorce alleging cruel and inhuman treatment by defendant and seeking, *inter alia*, equitable distribution of the parties' marital property. Defendant answered and counterclaimed for similar relief. Following a trial in June 1994, Supreme Court granted the parties a mutual divorce, distributed the marital and separate property at issue and awarded plaintiff sole custody of the parties' minor children,

---

with visitation to defendant. This appeal by defendant followed.

Defendant initially contends that Supreme Court erred in classifying certain assets, including a certain 7.3-acre parcel of land, as marital property. Domestic Relations Law § 236 (B) (1) (c) defines marital property as "all property acquired by either or both spouses during the marriage and before * * * the commencement of a matrimonial action, regardless of the form in which title is held", and the courts have construed the term marital property broadly "in order to give effect to the concept that marriage is an economic partnership" (*Sclafani v Sclafani*, 178 AD2d 830, 831). Separate property, on the other hand, is defined, in part, as "property acquired before marriage or property acquired by bequest, devise, or descent, or gift from a party other than the spouse" (Domestic Relations Law § 236 [B] [1] [d] [1]) and is to be narrowly construed (*see, Sclafani v Sclafani, supra*, at 831). Thus, property acquired during the marriage is presumed to be marital property, and the party seeking to establish that a particular item is indeed separate property bears the burden of proof in this regard (*see, supra*, at 831).

Defendant initially contends that the 7.3-acre parcel, which contains both the marital residence and a home for defendant's mother, was a gift from his mother and, as such, should be considered his separate property. Although title to the parcel was placed in defendant's name only, this is not determinative on the issue of whether the property is separate or marital in nature (*see*, Domestic Relations Law § 236 [B] [1] [c]), particularly where, as here, defendant's testimony at trial on this issue was equivocal. Although defendant first stated that the property was conveyed to him by his mother in 1977, he later testified that "[m]y mother gave *us* seven of the original 30 acres" upon which to build a home. Plaintiff also testified that the parcel was given to both parties, and it appears that both parties contributed financially to the improvements made thereto. Under these circumstances, we cannot say that Supreme Court erred in resolving what was essentially a credibility issue in plaintiff's favor (*see, Sclafani v Sclafani, supra*, at 832). Moreover, even if we were to accept defendant's claim that the 7.3-acre parcel constituted separate property for which he was entitled to a credit, defendant failed to offer any proof as to the value of the land prior to the improvements made by the parties. Similarly, even assuming that the residence of defendant's mother indeed passed to defendant upon her death and, hence, constituted his separate property, defendant of-

fered no proof as to the value of that residence and, as such, it is impossible to grant him the credit he now requests.

We reach a similar conclusion with respect to certain paintings which, it is undisputed, were acquired by the parties during the course of the marriage. Although defendant contends that he liquidated certain stocks, which the record plainly establishes were his separate property, to purchase the paintings in question, defendant failed to offer any documentation to support his claim in this regard and, therefore, failed to adequately trace the funds allegedly used to purchase the paintings to a separate property source (*see generally*, *Sarafian v Sarafian*, 140 AD2d 801, 804-805).

Defendant next contends that Supreme Court failed to take into account certain marital debt when distributing the parties' marital property. Again, we cannot agree. Both Supreme Court's decision in this matter and the judgment from which the appeal is taken make clear that Supreme Court indeed took into consideration the parties' outstanding obligations with respect to both the 7.3-acre parcel and the property located at 280-282 Main Street in the Town of Cornwall, Orange County, as evidenced by the fact that Supreme Court ordered that the *net* proceeds resulting from the sale of those parcels, i.e., those funds remaining after satisfying the outstanding mortgages, be divided equally.

Finally, we cannot say that Supreme Court's decision to award plaintiff sole custody is not supported by the record. Both parties exhibited less than exemplary behavior in dealing with one another, and defendant's conduct in essentially excluding plaintiff from their daughter's Bat Mitzvah speaks volumes about his ability to engage in joint, cooperative decisionmaking with respect to the children (*see*, *Matter of Nicotera v Nicotera*, 222 AD2d 892, 893-894).* The record, however, does not support Supreme Court's directive that defendant refrain from leaving the children with a baby sitter or a female friend during visitations, particularly in view of the fact that the children are now 15 and 13 years old, respectively. Absent from the record is testimony indicating that defendant frequently absented himself from the children during scheduled

---

* Although plaintiff ultimately was permitted to attend the celebration, plaintiff and her family had to pay their own way. Additionally, plaintiff was not allowed to assist in the planning of the event and her name did not appear on the invitations. Finally, when plaintiff, who was not permitted to appear in the family pictures taken following the ceremony, expressed an interest in purchasing photographs, defendant refused to give plaintiff the photographer's unlisted phone number.

visitations, nor is there any suggestion that spending time with defendant's paramour or other female friends is somehow detrimental to the children's interests. Defendant's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by deleting so much thereof as directed that "defendant is to be present with the children and not leave them alone with a baby sitter or female friend, with the plaintiff to be notified in advance", and, as so modified, affirmed.

(April 25, 1996)