■ RAPHAEL A. SOLOMON, Appellant-Respondent, v MYRAH A. SOLOMON, Respondent-Appellant. [763 NYS2d 141] —Mugglin, J. Cross appeals from a judgment of the Supreme Court (Kavanagh, J.), ordering, inter alia, equitable distribution of the parties' marital property, entered August 26, 2002 in Ulster County, upon decisions of the court.

Plaintiff and defendant, married in 1971, stipulated to a divorce by mutual consent. Equitable distribution issues were litigated in Supreme Court in 2001, resulting in two decisions, equitably distributing their property.

At the heart of these cross appeals is Supreme Court's determination that three Virgin Island properties were marital assets and distributed as such. A parcel denominated 6B Cruz Bay was awarded to defendant. In 1986, she inherited a 44.64% interest in this property. Subsequently, an additional one-twenty-eighth share was purchased with marital funds. Supreme Court determined that this property was converted from separate to marital property as a result of substantial contributions (both physical and financial) made by plaintiff to improve the property. Defendant contends that although plaintiff did make substantial contributions, such contributions are relevant only to an award of the appreciated value of the property and did not transform the property from separate to marital property for purposes of equitable distribution.

It is well settled that separate property may be transformed into marital property (*see Rosenkranse v Rosenkranse,* 290 AD2d 685, 686 [2002]; *Matwijczuk v Matwijczuk,* 261 AD2d 784, 785-786 [1999] [contributions sufficient to transform separate real property into marital real property]; *Judson v Judson,* 255 AD2d 656, 657 [1998] [deposit of separate funds into a joint account]). On this record, we discern no reason to disturb Supreme Court's finding that defendant's original separate property interest was transmuted to marital property. Nevertheless, defendant is entitled to a credit for the original value of her separate property (*see Lord v Lord,* 124 AD2d 930,

931-932 [1986]). When defendant inherited her interest, the parcel had a value of $85,000. Thus, defendant's 44.64% share was worth $37,946. At trial, the parcel was valued at $1,340,000. Supreme Court's distribution to defendant of a 44% value of $589,600 fails to add the additional one-twenty-eighth interest purchased with marital funds ($56,414) or to subtract defendant's separate property interest of $37,946. Thus, the adjusted value of this asset is $608,070, or a difference of $18,470.

Plaintiff contends that the parties own 83.07% of this parcel based on an alleged agreement with some of the co-owners. We concur with Supreme Court's rejection of this contention since the co-owners never executed a contract, note or memorandum accepting the terms offered by plaintiff and, without acceptance, no agreement exists or is enforceable (see General Obligations Law § 5-703 [1], [3]; *Urgo v Patel,* 297 AD2d 376, 377 [2002]; *Kodogiannis v Mumford,* 145 AD2d 764, 765 [1988], *lv denied* 74 NY2d 611 [1989]). Likewise, Supreme Court correctly rejected plaintiff's contention that he is entitled to a credit for the improvements he made to this lot and for restaurant equipment (since he failed to prove its value) allegedly purchased with his separate property. Plaintiff further asserts that Virgin Island law permits defendant to maintain a partition action against her co-owners to recover their pro rata share of the costs of the improvements made by the parties on this property. On this record, we can determine neither that this is possible nor what the amount of any such recovery might be. However, it is beyond question that only the parties to this action financed the improvements made to this parcel, and since we have determined the parcel to be a marital asset, any recovery that defendant may attain in such an action would constitute an inequitable windfall to her. We are, therefore, persuaded that if defendant should bring such an action, or otherwise settle such claim, any recovery should be equitably distributed 55% to defendant and 45% to plaintiff with the costs and expenses of the action being borne in the same percentages.

Next, defendant contends that the 95 and 95B Cruz Bay parcels are her separate property since they were acquired by gift from her mother and not transformed into marital property (see Domestic Relations Law § 236 [B] [1] [d] [1]; *Van Dyke v Van Dyke,* 273 AD2d 589, 592 [2000]). Property acquired during marriage is presumed to be marital unless the presumption is rebutted by the party asserting the separate property claim (see *Allen v Allen,* 263 AD2d 691, 692 [1999]; *Seidman v Seidman,* 226 AD2d 1011, 1012 [1996]; *Cerretani v Cerretani,*

221 AD2d 814, 815 [1995]). Although these parcels were transferred only in defendant's name, the record evidence supports the conclusion that defendant's mother intended to make these parcels a joint transfer to the parties. Defendant freely admitted that these parcels were turned over to the parties so that a construction loan could be obtained by the parties to build a home for defendant's mother. Thus, defendant failed to rebut the marital property presumption. Defendant's additional contradictory and unpersuasive testimony failed to establish that she has any legitimate claim to a separate property interest in these parcels.

The balance of the parties' contentions, with one exception, are unpersuasive. Since it is well settled that·"[t]he trial court has discretion and flexibility in selecting the proper date for valuing marital property" (*Sagarin v Sagarin,* 251 AD2d 396, 396 [1998]), Supreme Court did not err in adopting defendant's appraisal of the marital residence, even though it was dated several months prior to the commencement of trial and plaintiff's appraisal was dated a few days prior to trial. The record provides ample reason for Supreme Court's decision to adopt defendant's appraisal. Likewise, we find no error in Supreme Court's unequal distribution of the marital assets. While the distribution of the parties' marital assets must be equitable, there is no fixed rule that distribution be equal even in marriages of long duration (*see O'Connell v O'Connell,* 290 AD2d 774, 776 [2002], *lv granted sub nom. O'Connell v Corcoran,* 99 NY2d 503 [2002]; *Goudreau v Goudreau,* 283 AD2d 684, 686 [2001]). Although Supreme Court did not specifically address the relevant statutory factors as a precursor to equitable distribution, inasmuch as "the record supports [the court's] full review, it was not specifically required to cite the factors it considered" (*Harrington v Harrington,* 300 AD2d 861, 862 [2002]; *see Butler v Butler,* 256 AD2d 1041, 1042 [1998], *lv denied* 93 NY2d 805 [1999]). After recalculating defendant's interest in 6B Cruz Bay, defendant received approximately 55% of the parties' property and plaintiff received approximately 45%. Since the primary assets were illiquid (*see* Domestic Relations Law § 236 [B] [5] [d] [7]), and the real property originally came from defendant's family, Supreme Court achieved an equitable distribution.

We find no error in Supreme Court's rejection of the parties' wasteful dissipation claims or plaintiff's claim that defendant breached her fiduciary duties to him arising out of the marriage partnership. Resolution of the conflicting evidence with respect to the dissipation claims is for Supreme Court and we

find no abuse of discretion in this regard (*see Strang v Strang,* 222 AD2d 975, 977 [1995]; *Reidy v Reidy,* 136 AD2d 614, 615 [1988]). As to the asserted breach of fiduciary duty, it is not a statutory factor required to be considered (*see* Domestic Relations Law § 236 [B] [5] [d]). Further, we find no reason to disturb Supreme Court's discretion in giving defendant a credit for the mortgage payments she made on the marital residence during the pendency of this litigation since plaintiff enjoyed the exclusive use and possession of this property during the action (*see e.g. Codd v Codd,* 270 AD2d 880 [2000]; *Field v Kaliszewski,* 250 AD2d 728, 729 [1998]). Likewise, we find no error in Supreme Court's distribution of the parties' personal property (*see Stricos v Stricos,* 263 AD2d 659, 660 [1999]).

Lastly, turning to defendant's purchase of 167 Hoyt Street, plaintiff correctly asserts that he is entitled to a credit of $10,000, representing half of the down payment. Although these funds were from defendant's personal account, it contained marital funds commingled with defendant's separate funds, thus justifying their treatment as marital property (*see Judson v Judson,* 255 AD2d 656, 657 [1998], *supra; Walasek v Walasek,* 243 AD2d 851, 854 [1997]; *Carney v Carney,* 202 AD2d 907, 908 [1994]).

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by awarding plaintiff a net 45% interest in any settlement or recovery defendant may obtain in an action brought by defendant to partition 6B Cruz Bay, Virgin Islands and by granting plaintiff a $10,000 credit, and, as so modified, affirmed.