*818 Mercure, J.
Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered May 28, 2002 in Ulster County, ordering, inter alia, equitable distribution of the parties’ marital property, upon a decision of the court.
Plaintiff and defendant were married in August 1985. In 1987, plaintiff sold his fuel oil business, which he owned prior to the marriage, for $600,000. Thereafter, in 1988, plaintiff purchased a parcel of real property in Montgomery County (hereinafter the Montgomery property) for $107,000, with title held solely in his name. That same year, the parties began constructing the marital residence on a parcel of land in the Town of Gardiner, Ulster County (hereinafter the Gardiner property), which plaintiff had acquired prior to the marriage. The parties obtained a mortgage on the Gardiner property sometime after 1988 and defendant’s name was added to the deed in 1995.
Plaintiff commenced this action for divorce in October 2000. Following trial, Supreme Court, among other things, granted the parties a divorce and awarded them joint custody of their two minor children, with primary physical custody to defendant. The court also ordered that the Gardiner and Montgomery properties be sold, with the proceeds to be divided equally between the parties, awarded defendant maintenance in the amount of $100 per week for a period of four years and child support in the amount of $300 per week. This appeal by plaintiff ensued.
Plaintiff initially contends that Supreme Court erred in failing to credit him in the amount of $465,000 for his contribution of separate property to the acquisition of the Gardiner and Montgomery properties, as well as the construction of the marital residence. “Property acquired during the marriage is presumed to be marital property and the party seeking to overcome such presumption has the burden of proving that the property in dispute was separate property” (Walasek v Walasek, *819 243 AD2d 851, 854 [1997] [citation omitted]; see DeJesus v DeJesus, 90 NY2d 643, 652 [1997]). We agree that the $58,000 that plaintiff used to purchase the Gardiner property prior to the parties’ marriage constitutes a separate asset and, thus, plaintiff is entitled to a credit in that amount (see Lord v Lord, 124 AD2d 930, 932 [1986]). We are not convinced, however, that plaintiff has met his burden of demonstrating that the remaining $407,000 at issue is separate property.
Plaintiff claims that this $407,000 was derived from the sale of his fuel oil business in 1987; the record, however, does not contain a paper trail documenting the distribution of the proceeds from the sale of that business. While this alone is not fatal to plaintiffs claim (see Zanger v Zanger, 1 AD3d 865, 867 [2003] [decided herewith]; Sarafian v Sarafian, 140 AD2d 801, 804 [1988]), plaintiff has also failed to provide documentation of his claim that the proceeds were placed in an account solely in his name, rather than commingled in a joint account as defendant’s testimony suggests,[1] and thereby transformed into marital property (see Carney v Carney, 202 AD2d 907, 908 [1994]; Glazer v Glazer, 190 AD2d 951, 953 [1993]). Inasmuch as plaintiff failed to establish—beyond his disputed testimony— that the proceeds from the sale of his business remained separate property, he has not succeeded in rebutting the presumption that this once separate asset became marital property (see Jones v Jones, 289 AD2d 983, 983-984 [2001], lv dismissed 97 NY2d 749 [2002]; Carney v Carney, supra at 908; Glazer v Glazer, supra at 953; Sarafian v Sarafian, supra at 804).
Moreover, even assuming that the proceeds used to construct the house did not come from a joint account, we are not persuaded—as the dissent is—that plaintiff met his burden by demonstrating that there was no other possible source for the moneys used to initially fund the construction of the marital residence and purchase of the Montgomery property (cf. Zanger v Zanger, supra at 867; Sarafian v Sarafian, supra at 804). During the relevant time period, plaintiff, as he does now, owned a number of additional rent-generating properties. Indeed, these rents now constitute the bulk of plaintiff’s annual income. Plaintiff failed, however, to show that rental income from these properties received after the parties’ marriage was not the *820 source of the funds at issue. Moreover, a $200,000 mortgage in both parties’ names was taken out on the house. The record is unclear regarding whether the funds from this mortgage were used to finance additional construction or to reimburse plaintiff for whatever money he may have contributed to the house. Thus, we cannot say that Supreme Court abused its discretion here in refusing to credit plaintiffs testimony with respect to the source of the funds for these transactions (cf. Sarafian v Sarafian, supra at 804-805). Plaintiffs credit must be limited to the $58,000 used to purchase the Gardiner property.
Plaintiff is correct, however, in his assertion that Supreme Court erred in calculating his income for purposes of determining his child support obligation. Supreme Court calculated plaintiffs annual income to be $84,680,[2] but neglected to credit plaintiff for expenses associated with two rental properties. Inasmuch as “income,” for purposes of determining child support, includes “investment income reduced by sums expended in connection with such investment” (Domestic Relations Law § 240 [1-b] [b] [5] [ii]), we conclude that plaintiff is entitled to a credit for the expenses he incurred in connection with each of these parcels. As set forth on the parties’ 2000 federal tax return, plaintiffs out-of-pocket expenses total $32,508 for taxes, insurance, maintenance and other expenses.
In light of the credits due plaintiff, we deem it appropriate to remit this matter to Supreme Court for a redistribution of the parties’ marital property, as well as a redetermination of plaintiffs maintenance and child support obligations. We note with respect to equitable distribution that, contrary to Supreme Court’s conclusion that the parties’ marital property should be distributed equally, “[t]he distribution, based on the factors enumerated in the statute (Domestic Relations Law § 236 [B] [5] [d]), must be equitable, not merely a 50/50 split of assets” (Sarafian v Sarafian, supra at 804). The remaining arguments raised have been examined and found to be lacking in merit.
Cardona, EJ. and Lahtinen, JJ., concur.

. Plaintiff testified that he placed funds from the sale of his business in an account at a certain bank in his name only and that he had no other bank accounts “available to [him].” Defendant indicated that the bank account was a joint account at that time and that all money that came in from any source was placed in this account. Defendant stated that her name was not taken off the account until 1998, approximately 10 years after the parties commenced construction of the marital residence.

. More precisely, plaintiff receives $70,200 in rental income from the Montgomery property, a parcel of land in Queens County and a commercial sign, as well as $12,600 in Social Security benefits and $1,980 in pension benefits. These payments actually total $84,780 annually.