Mercure, J.
Appeal from a judgment of the Supreme Court (Hughes, J.H.O.), entered August 7, 2002 in Schoharie County, which, inter alia, ordered equitable distribution of the parties’ marital property, upon a decision of the court.
The parties were married in 1966. During the marriage, the parties lived and worked on two parcels of farm land. Plaintiff owned one parcel entirely and the other partially prior to the parties’ marriage. During the marriage, plaintiffs parents gifted the remainder of the second parcel to him. Upon plaintiff’s retirement from farming in 1998, he sold the farm and used a portion of the proceeds, in cash, to pay for the marital residence.
Plaintiff commenced this action for divorce, alleging cruel and inhuman treatment as well as constructive abandonment, in 2000. Defendant counterclaimed for divorce based on cruel and inhuman treatment. The parties agreed to submit statements of net worth and affidavits of appraisers in lieu of testimony at trial on the value of the marital estate. Following trial, Supreme Court found that defendant constructively abandoned plaintiff and granted the divorce. The court distributed marital property and credited plaintiff for the original value of the farm property, less a mortgage paid out of marital funds. The court also declined to award either party maintenance. Defendant appeals.
Defendant asserts that Supreme Court erred in concluding that the farm property was plaintiffs separate property and in crediting plaintiff with the entire value of the farm, less a $5,000 mortgage that was satisfied with marital funds. Where a party contributes separate property—i.e., “property acquired before marriage or property acquired by . . . gift from a party other than the spouse” (Domestic Relations Law § 236 [B] [1] [d] [1])—toward the purchase of the marital residence, that party is entitled to a return of his or her total contribution (see Solomon v Solomon, 307 AD2d 558, 558-559 [2003]; Judson v Judson, 255 AD2d 656, 657 [1998]; Maczek v Maczek, 248 AD2d 835, 836-837 [1998]). Here, plaintiffs undisputed testimony indicated that he owned one parcel outright and half of the second parcel prior to the marriage. Further, plaintiff testified that his parents gifted the remainder of the second parcel to him after the marriage and there is no record evidence that plaintiffs parents *867 intended to give the parcel to both parties jointly (cf. Solomon v Solomon, supra at 559-560). Inasmuch as an appraiser valued the farm property at $102,150 at the time of the parties’ marriage and a $5,000 mortgage remained outstanding on the property, the court properly determined that plaintiff retained a $97,150 separate interest in that property.
Upon sale of the farm property, plaintiff used part of the proceeds to buy the marital residence and took title to that residence in his name. Plaintiff paid cash for the residence and there is no evidence that he ever placed that money in a joint account or otherwise commingled it with marital funds (cf. Carney v Carney, 202 AD2d 907, 908 [1994]). While plaintiff did not provide a paper trail documenting the source of the money used to purchase the marital residence, nothing in either party’s testimony suggests that any other possible source for the money exists (see Sarafian v Sarafian, 140 AD2d 801, 804 [1988]; cf. Cassara v Cassara, 1 AD3d 817 [2003] [decided herewith]). Accordingly, plaintiff is entitled to a credit in the amount of $97,150 for the original value of his separate property contributed to the purchase of the marital residence (see Judson v Judson, supra at 657).
Similarly, we conclude that Supreme Court did not abuse its discretion in declining to award defendant maintenance. In determining whether maintenance is appropriate, a trial court must “ ‘consider the payee spouse’s reasonable needs and predivorce standard of living in the context of the other enumerated statutory factors, and then, in [its] discretion, fashion a fair and equitable maintenance award accordingly’ ” (Rosenkranse v Rosenkranse, 290 AD2d 685, 687 [2002], quoting Hartog v Hartog, 85 NY2d 36, 52 [1995]; see Domestic Relations Law § 236 [B] [6] [a]). Here, the court expressly stated that it considered the parties’ ages, the fact that both are disabled, the duration of the marriage, the approximate $11,000 disparity in the parties’ annual incomes, the fact that the parties’ incomes are not subject to substantial change other than defendant’s eligibility for Social Security benefits in 2006, and the amount of the distributive awards to be received by each party. Despite defendant’s assertions to the contrary, the court’s decision also indicates a consideration of the severity of defendant’s disability, as well as her contributions to the operation of the parties’ dairy farm and as a spouse, parent and homemaker. The record reveals in addition that the parties’ adult daughter lives with defendant and, until a few weeks before trial, gave defendant $60 per week. Under the circumstances here, we find no abuse of discretion in the court’s determination not to award maintenance to either party.
*868 We agree with defendant, however, that Supreme Court erred in valuing various mutual fund accounts. Specifically, the court mistakenly stated that the parties had divided these funds during the pendency of the action; instead, the funds had not been divided and the parties are unable to agree on the amounts contained in the funds. Indeed, the parties’ estimates provided in the record vary by tens of thousands of dollars from the values listed by the court. Inasmuch as the record lacks sufficient evidence to permit us to resolve the issue, we must remit the matter to Supreme Court to determine the value of the funds owned by the parties and to equitably distribute those funds.
Cardona, PJ., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the facts, without costs, by reversing so much thereof as valued various mutual fund accounts and equitably distributed said funds; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.