[804 NE2d 399, 772 NYS2d 235]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY ANDREW, Also Known as LARRY ANDREWS, Appellant.

Argued November 20, 2003; decided December 18, 2003

### APPEARANCES OF COUNSEL

*De Nice Powell,* New York City, and *Lynn W.L. Fahey* for appellant.

*Richard A. Brown, District Attorney,* Kew Gardens (*Thomas S. Berkman* and *John M. Castellano* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

■ Defendant was convicted of assault in the first degree, upon a jury verdict, arising from an incident in a rooming house where both he and the complainant resided. Defendant interposed a defense of justification. The trial court admitted complainant's hospital record into evidence, but redacted a notation by a resident physician stating that it was impossible to obtain the complainant's consent to surgery because he was too drunk. Defendant claims that the redaction of this information was error. We note, however, that defendant had the laboratory results, showing complainant's toxicology level, available for his use. Moreover, defendant did not rely on the purported intoxication of the complainant. We therefore conclude that the trial court properly exercised its discretion in redacting the notation.

■ Finally, the court did not violate defendant's right to be present during the issuance of supplemental jury instructions. Defendant failed to come forward with substantial evidence to rebut the presumption of regularity that attaches to all criminal proceedings (*see People v Foster,* 1 NY3d 44 [2003]; *see generally People v Harris,* 61 NY2d 9, 16 [1983]; *People v Richetti,* 302 NY 290, 298 [1951]).

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur.

Order affirmed in a memorandum.