■ Nancy Cease, Respondent, v Daniel Cease, Appellant. [900 NYS2d 182]—

Cardona, P.J. Appeal from an order of the Supreme Court (O'Connor, J.), entered January 21, 2009 in Ulster County, which denied defendant's motion for a classification of certain real property as separate property.

Defendant (hereinafter the husband) and plaintiff (hereinafter the wife) were married in 1982. Thereafter, the wife found a one-family residence in the City of Kingston, Ulster County and the husband discussed how they could afford to live in that house with financial help from his parents. In March 1984, the husband's father took out a mortgage and purchased the residence using his own funds for the down payment. The parties then moved into the home and, using marital funds, the wife wrote monthly checks to the husband's parents in amounts equaling the exact amount of the mortgage payment, which varied depending on the interest rate and tax escrow. In 1995, the husband's father deeded the property to the husband only. The husband testified that, in 2000, he paid off the mortgage balance with an inheritance he had not disclosed to his wife. The wife continued writing monthly checks from the household account which the husband's mother put in a separate bank account that the husband opened without the wife's knowledge because he claimed he could not "trust" her with money.* The husband and his mother testified that the money from that account, which was no longer necessary for the mortgage, was used to pay property taxes and other things that the husband "needed."

In 2005, the parties separated and, in 2006, the wife commenced this action for divorce. The husband moved for a pretrial classification of the subject residence as his separate property not subject to equitable distribution. Thereafter, a hearing was held at which the wife, the husband, and the husband's mother testified. The husband and his mother indicated that the parties' residence was always meant to eventually belong to the husband alone and the fluctuating payments received by the parents constituted "rent," not mortgage payments. In contrast,

---

* At the same time, the husband testified that the wife continued to handle all household bills and write all the checks to pay them.

the wife testified that, after she found the house, it was her understanding that the husband's name would be on the deed and his parents would loan them a down payment and use their credit to obtain an affordable mortgage. She testified that the house was always considered to be her home also, it was never referred to as a rental, and all monthly payments given to the parents from marital funds were considered to be mortgage payments (or, later, repayments for the initial down payment). Additionally, the wife testified that contributions towards improving the home over the years by herself and her family were made under the assumption that the property belonged to the wife as well as the husband. Following the hearing, Supreme Court denied the husband's motion and ruled that the subject residence was marital property subject to equitable distribution, prompting this appeal.

The husband contends that Supreme Court erred in determining that the subject residence is marital property and not his separate property. Notably, "marital property" is defined in the Domestic Relations Law as "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held" (Domestic Relations Law § 236 [B] [1] [c]). Thus, "[p]roperty acquired during marriage is presumed to be marital unless the presumption is rebutted by the party asserting the separate property claim" (*Solomon v Solomon*, 307 AD2d 558, 559 [2003]; *see Cassara v Cassara*, 1 AD3d 817, 818-819 [2003]). Moreover, as relevant herein, "the fact that property is conveyed by a nonspouse to only one spouse during the marriage is not necessarily determinative on the issue of whether the property is separate or marital in nature" (*Dashnaw v Dashnaw*, 11 AD3d 732, 733 [2004] [internal quotation marks and citation omitted]; *see Seidman v Seidman*, 226 AD2d 1011, 1012 [1996]).

Here, since the property was acquired during the marriage, it is presumed to be marital in nature; therefore, the burden shifted to the husband to demonstrate that the property deeded to him by his father was separately owned by him (*see Solomon v Solomon*, 307 AD2d at 559). Significantly, in concluding that the husband did not meet that burden, Supreme Court held that the husband and his mother were not credible witnesses, while the wife's testimony was credible. Supreme Court found that the residence was "intended for the parties," not just the husband. The court additionally found that the husband affirmatively led the wife "to believe one thing about their eventual ownership of the house and the financial obligations relat-

ing to the same, but he was actually setting up a different arrangement that would solely benefit him." Upon our review of the record and "according the required deference to the fact-finding and credibility determinations of Supreme Court" (*Gulbin v Moss-Gulbin*, 45 AD3d 1230, 1232 [2007], *lv denied* 10 NY3d 705 [2008]), we find no basis to disturb the court's conclusion that the husband failed to prove that the house was his separate property (*see Seidman v Seidman*, 226 AD2d at 1012).

We have examined the husband's remaining arguments and find them to be unpersuasive.

Spain, Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.