■ KIM M. STAHL, Appellant, v DWAYNE D. STAHL, Respondent. [914 NYS2d 447]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (Coccoma, J.), entered October 1, 2009 in Otsego County, granting, among other things, equitable distribution of the parties' marital property, upon a decision of the court.

The parties were married in 1994 and are the parents of two children (born in 1996 and 1998). Plaintiff commenced this action for divorce in 2008 and the parties thereafter entered into a stipulation in open court that resolved issues of custody, visitation, child support and maintenance. As to the issue of equitable distribution, following a hearing, a referee recommended, among other things, that plaintiff retain possession of real property located in the Town of Hartwick, Otsego County, which, in 2001, had been deeded by plaintiff's father to both plaintiff and defendant as tenants by the entirety. The referee also recommended that the parties' marital residence be sold, defendant receive proceeds off the top of the sale to compensate him for plaintiff's possession of the Hartwick property, and for the parties to share equally the remainder of the proceeds. Supreme Court adopted the referee's recommendations and incorporated them into the judgment of divorce. Plaintiff appeals.

Plaintiff first contends that the Hartwick property was her separate property that was not subject to equitable distribution. However, it is well established that all property acquired by either party during a marriage is presumed to be marital property, and the burden of rebutting such presumption falls to the party asserting that the property is his or her separate property (see Domestic Relations Law § 236 [B] [1] [c]; *Cease v Cease,* 72 AD3d 1450, 1451 [2010]; *Solomon v Solomon,* 307 AD2d 558, 559 [2003], *lv dismissed* 1 NY3d 546 [2003]). In that regard, the

only evidence offered by plaintiff to rebut the presumption was her own testimony and that of her father, who both claimed that the father had intended to convey the Hartwick property to plaintiff alone and who both denied knowledge as to why defendant's name was included on the deeds by the father's attorney. However, the documentary evidence shows that the property was conveyed to both plaintiff and defendant, as tenants by the entirety,* and plaintiff indicated that the property taxes and heating bills for the property were paid with marital assets (*see Chiotti v Chiotti*, 12 AD3d 995, 996-997 [2004]). Under the circumstances presented here, and according deference to Supreme Court's fact-finding and credibility determinations, we cannot say that the court erred by concluding that the Hartwick property was a marital asset subject to equitable distribution.

Finally, plaintiff contends that Supreme Court's equal distribution of the marital assets was inequitable. While equitable distribution does not always require an equal division of marital assets, here, taking into account the long duration of the marriage and the relatively equal financial contributions of each party during the marriage, and the probable future financial circumstances, among other things (*see* Domestic Relations Law § 236 [B] [5] [d]), we cannot say that Supreme Court abused its discretion by equally dividing the assets (*see e.g. Smith v Smith*, 8 AD3d 728, 729-730 [2004]; *Miller v Miller*, 128 AD2d 844, 845-846 [1987]).

Mercure, J.P., Peters, Rose and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* The Hartwick property is actually comprised of two parcels, which were conveyed to plaintiff and defendant by two separate deeds that were executed on different days in February 2001. According to the cover sheets for those deeds, the consideration for the two parcels totaled $21,000. The issue of whether consideration was paid was not raised at the hearing, but it is notable that plaintiff never refers to the conveyance as a "gift."