■ ANTONINO SAIA, Appellant, v WENDY HOFFMAN SAIA, Respondent. [937 NYS2d 352]—

Lahtinen, J.

We affirm. Defendant owns four parcels, two acquired before the marriage and two acquired during the marriage. "Property acquired during [the] marriage is presumed to be marital unless the presumption is rebutted by the party asserting the separate property claim" (*Solomon v Solomon*, 307 AD2d 558, 559 [2003], *appeal dismissed* 1 NY3d 546 [2003] [citation omitted]; *accord Cease v Cease* 72 AD3d 1450, 1451 [2010]). With regard to a parcel located on Eighth Avenue in the City of Watervliet, Albany County, purchased during the marriage in 2004, defendant offered proof that, although the deed and mortgage are in her name, she did not contribute to the purchase price, the property belongs to her disabled friend, she took title in her name to help the friend, the friend paid all expenses including the mortgage, no marital funds were used for upkeep or otherwise, and plaintiff had not done any work on this parcel. A parcel acquired several years later on Congress Street in the City of Troy, Rensselaer County was, according to defendant, purchased by her father and given to her as a gift. That property has not produced any income and plaintiff did not do any work on the property. Supreme Court credited defendant's proof regarding these two properties and such proof provides ample support for the court's determination that these two parcels, acquired during the marriage, nevertheless were separate property.

The other two properties were separate property acquired by defendant before the marriage. Plaintiff failed to adequately establish any appreciation in value of these properties during the

marriage or that he contributed to an increase in value by his efforts. Thus, Supreme Court did not err in finding that he was not entitled to an equitable distribution award as to these two properties (*see Bonanno v Bonanno*, 57 AD3d 1260, 1261 [2008]; *Burgio v Burgio*, 278 AD2d 767, 768-769 [2000]).

"The amount and duration of maintenance are generally left to the trial court's discretion as long as the court considers the statutory factors and provides a basis for its conclusion" (*Blay v Blay*, 51 AD3d 1189, 1191-1192 [2008] [citation omitted]; *see Fosdick v Fosdick*, 46 AD3d 1138, 1140 [2007]). Supreme Court adequately discussed the statutory factors. Plaintiff has a secure source and sufficient amount of income upon which to live and to basically continue the marital standard of living. The marriage was not long, there were no children, plaintiff owns separate real property in Europe, and he is covered by health insurance. The determination not to award maintenance was well within Supreme Court's discretion. The remaining issues have been considered and are unavailing.

Mercure, A.P.J., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.