MICHAEL LURIE, Respondent-Appellant, v HOLLY LURIE, Appellant-Respondent. [943 NYS2d 261]—

Stein, J. Cross appeals from a judgment of the Supreme Court (Lebous, J.), entered February 4, 2011 in Broome County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.

In this action for divorce, defendant challenges Supreme Court's division of the equity in the parties' marital residence. The residence was purchased in July 1998, approximately one month after the parties were married. In order to pay for the purchase price of $130,000, plaintiff liquidated an individual retirement account that he acquired prior to the marriage and

---

secured a personal loan from his mother. At the closing, defendant discovered that the deed to the property was issued to plaintiff alone, and insisted that she be added as a grantee. Shortly after the closing, another deed from the sellers was recorded, which named both plaintiff and defendant as grantees.[1] In November 2000, plaintiff's mother forgave the balance then existing on the mortgage. Thereafter, plaintiff executed a quitclaim deed in August 2003, which transferred the property from his name, alone, to both him and defendant as tenants by the entirety.

Plaintiff commenced this action for divorce in July 2008. After a nonjury trial was held on the issue of equitable distribution, Supreme Court ordered, among other things, that plaintiff was entitled to a credit in the distribution of the equity in the marital residence for the amounts he contributed to the closing costs and down payment for its purchase, as well as the amount of the mortgage loan balance forgiven by his mother. Defendant now appeals, and plaintiff cross-appeals.[2]

The parties do not dispute that the marital residence constitutes marital property subject to equitable distribution (*see* Domestic Relations Law § 236 [B] [1] [c]) or that plaintiff's contributions to its acquisition—including the mortgage loan forgiveness—constituted his separate property (*see* Domestic Relations Law § 236 [B] [1] [d] [1]). However, defendant contends that Supreme Court improperly credited plaintiff for such contributions in the distribution of the residence and should have divided the equity in that asset equally between the parties. We disagree.

Specifically, defendant contends that Supreme Court failed to consider the implications of certain financial circumstances and of various transactions that occurred with respect to the parties' properties during the marriage which, she argues, resulted in the transmutation of plaintiff's separate property interest in the marital residence into marital property. For example, defendant emphasizes that she was the primary wage-earner during the marriage, paid the majority of the marital expenses—

---

1. We note that the record contains no indication as to whether the deed conveyed at the closing was voided or if the property was otherwise deeded back to the grantors before this deed was executed. If not, the grantors were incapable of transferring the property again, as plaintiff was the only valid title holder (*see* Real Property Law § 245; *Robbins v Whitesell*, 128 AD2d 764, 764 [1987]). Nevertheless, the validity of the second deed is immaterial here.

2. Inasmuch as plaintiff's appellate brief does not address any of the issues raised in his notice of cross appeal, plaintiff has abandoned his appeal of those issues (*see Suriel v Dominican Republic Educ. & Mentoring Project, Inc.*, 85 AD3d 1464, 1465 n [2011]).

including the expenses related to the marital residence—and negotiated a reduction in mortgage payments. In addition, she notes that the marital residence was debt free by December 2000, but was encumbered by a mortgage in the amount of approximately $44,000 at the time of trial as a result of various other investments—including a failed business on plaintiff's part—which were financed by loans secured by the marital residence. Defendant also argues that the 2003 quitclaim deed was intended by plaintiff to convert to marital property any separate property claim that he may have had to the equity in the marital residence. Plaintiff gave varying explanations for this deed. After hearing the testimony, Supreme Court apparently discredited defendant's interpretation as to its significance.

It is well established that equitable distribution of marital property does not necessarily mean equal, and Supreme Court has substantial discretion in fashioning an award of equitable distribution (*see Quinn v Quinn*, 61 AD3d 1067, 1069 [2009]). "Absent an abuse of [that] discretion, [we] may not disturb the trial court's distributive award" (*Fields v Fields*, 15 NY3d 158, 170 [2010] [citation omitted]). Moreover, given Supreme Court's superior opportunity to assess the credibility of the witnesses, we defer to its determinations (*see Stahl v Stahl*, 80 AD3d 932, 933 [2011]). Although the trial court is required to consider the factors set forth in Domestic Relations Law § 236 (B) (5) (d) in fashioning its equitable distribution award, "[t]he fact that the court did not cite every factor and address each self-serving claim of the parties is not dispositive" (*Butler v Butler*, 256 AD2d 1041, 1042 [1998], *lv denied* 93 NY2d 805 [1999]; *see Noble v Noble*, 78 AD3d 1386, 1387 [2010]).

Here, it is clear that Supreme Court considered the parties' respective financial contributions to the acquisition of their marital property in general, and to the marital residence in particular. Moreover, the record evidence supports Supreme Court's conclusion that plaintiff contributed separate funds toward the acquisition of the marital residence and did not relinquish or forgo his claim to such separate contribution (*see Fields v Fields*, 15 NY3d at 167-168; *Cassara v Cassara*, 1 AD3d 817, 819 [2003]; *Myers v Myers*, 255 AD2d 711, 716 [1998]). Thus, we discern no abuse of Supreme Court's discretion in its determination to credit plaintiff for his separate property contributions to the marital residence in equitably distributing that asset (*see Cassara v Cassara*, 1 AD3d at 819; *Maczek v Maczek*, 248 AD2d 835, 836-837 [1998]).

Mercure, J.P., Spain, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.