Hughes v Hughes (2021 NY Slip Op 05765)





Hughes v Hughes


2021 NY Slip Op 05765


Decided on October 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 21, 2021

532246
[*1]Dana M. Hughes Sr., Respondent,
v
Marianne T. Hughes, Appellant.

Calendar Date:September 8, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Balzer & Leary, PLLC, Albany (Gerald P. Leary of counsel), for appellant.
Leslie W. Ryan, Fort Edward, for respondent.



Garry, P.J.
Appeal from a judgment of the Supreme Court (Jensen, J.), entered July 28, 2020 in Saratoga County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.
Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were married in 1991. In 2018, the husband filed for divorce. Following a nonjury trial on the issues of equitable distribution and maintenance, Supreme Court determined, among other things, that money received by the wife after her mother purchased a winning lottery ticket was marital property, the marital residence and a vacation home were marital property that should be sold and divided 45% to the husband and 55% to the wife, and the husband was not required to pay the wife any spousal maintenance. The wife appeals.
The wife argues that the lottery winnings that her mother shared with her were not marital property because they were a gift. "Whether a particular asset is marital or separate property is a question of law that a trial court must initially address to ascertain the marital estate" (Giannuzzi v Kearney, 160 AD3d 1079, 1080 [2018] [internal quotation marks and citations omitted]; see DeJesus v DeJesus, 90 NY2d 643, 647 [1997]). The Domestic Relations Law defines marital property as "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held, . . . [and] shall not include separate property" (Domestic Relations Law § 236 [B] [1] [c]). Separate property, which is not subject to equitable distribution (see Domestic Relations Law § 236 [B] [5] [b]), includes "property acquired by bequest, devise, or descent, or gift from a party other than the spouse" (Domestic Relations Law § 236 [B] [1] [d] [1]). "Property acquired during marriage is presumed to be marital unless the presumption is rebutted by the party asserting the separate property claim" (Solomon v Solomon, 307 AD2d 558, 559 [2003] [citations omitted], lv dismissed 1 NY3d 546 [2003]; accord Saia v Saia, 91 AD3d 1110, 1110 [2012]).
It is undisputed that the wife's mother purchased a scratch-off lottery ticket that won a grand prize of $7.5 million. Documentary evidence and testimony credited by Supreme Court established that the mother shared her winnings with her five children, with each of the six individuals receiving an equal pretax share of $1.25 million. State Gaming Commission documents show that all six were considered winners, a giant check for publicity purposes listed all six names as winners, all six appeared at a public event at which the giant check was presented to them, each received a separate certificate of payment, an IRS form W-2G was issued by the Gaming Commission to each winner indicating that $1.25 million in gambling winnings was paid and the amount of taxes withheld, and equal direct deposit payments of the after[*2]-tax amount were issued to all six winners simultaneously. The wife's mother did not file any gift tax returns related to the lottery winnings received by her children. The husband and the wife claimed the $1.25 million as income on their 2014 joint federal and state income tax returns, specifically denoting that it was gambling winnings.
The Internal Revenue Code specifies that, for income tax purposes, "[g]ross income does not include the value of property acquired by gift" (26 USC § 102 [a]). Courts "cannot, as a matter of policy, permit parties to assert positions in legal proceedings that are contrary to declarations made under the penalty of perjury on income tax returns" (Mahoney-Buntzman v Buntzman, 12 NY3d 415, 422 [2009]; see Giannuzzi v Kearney, 160 AD3d at 1080). By claiming the lottery winnings as income on their joint tax returns, the husband and the wife necessarily represented that such winnings were not a gift. Therefore, Supreme Court properly determined that the lottery winnings were not a gift to the wife, so they were not her separate property but were marital property subject to equitable distribution.
Most of the wife's remaining arguments are based on the assumption that the lottery winnings were her separate property, and assert that she is entitled to credits for the value of such separate property that was used to pay off marital debts or purchase other assets (see Beardslee v Beardslee, 124 AD3d 969, 969 [2015]). As we have concluded that Supreme Court properly determined that the lottery winnings were marital property, these arguments necessarily fail (see Robinson v Robinson, 133 AD3d 1185, 1189-1190 [2015]; Patete v Rodriguez, 109 AD3d 595, 598 [2013]).
The record does not support the wife's assertions that she expressed an intent to continue residing in the marital residence and that the husband had no objection to this arrangement. Moreover, Supreme Court repeatedly advised the parties that all marital assets would be sold if the parties could not reach an agreement on their distribution, and the record does not disclose an agreement by the parties as to any asset.[FN1] As the wife is not entitled to a separate property credit for paying off the mortgage on the marital residence or for the purchase of the vacation property, the court did not err in ordering the sale of these assets and an equitable distribution of the proceeds (see Sprole v Sprole, 145 AD3d 1367, 1371 [2016] [noting that "nothing in the decision or judgment of divorce precludes (the wife) from purchasing the husband's interest in the home or making an offer to purchase the home"]).
Finally, "in any matrimonial action, the court, upon application by a party, shall make its award for post-divorce maintenance pursuant to the" guidelines set forth in the statute (Domestic Relations Law § 236 [B] [6] [a]). "The amount and duration of a maintenance award[, if any,] are a matter within the sound discretion of Supreme Court, and the award will [*3]not be disturbed so long as the statutory factors and the parties' predivorce standard of living were properly considered" (Pfister v Pfister, 146 AD3d 1135, 1137 [2017] [internal quotation marks and citations omitted]). "In determining a party's . . . spousal maintenance obligation, a court need not rely upon a party's own account of his or her finances, but may exercise its discretion by imputing income based upon such factors as the party's education, qualifications, employment history, past income, and demonstrated earning potential" (Matter of Henry v Bell, 185 AD3d 1168, 1170 [2020] [internal quotation marks, brackets and citations omitted]; see Arthur v Arthur, 148 AD3d 1254, 1256 [2017]).
The wife testified that she has been employed in the same position for 10 years. She testified that she worked full time for the first seven years and is able to work full time now, but starting in 2016 she chose to work only 20 to 24 hours per week. Under the circumstances, including that the wife failed to provide copies of her recent pay stubs to verify her pay rate, Supreme Court reasonably imputed income to her in an amount that was slightly less than double her part-time annual income (see Matter of Curley v Klausen, 110 AD3d 1156, 1159 [2013]). Using that imputed income when applying the statutory formula, the court properly calculated the guideline amount of postdivorce maintenance to be zero dollars (see Domestic Relations Law § 236 [B] [6] [c] [2]). The court also addressed all the statutory factors (see Domestic Relations Law § 236 [B] [6] [e]) and decided not to deviate from the guidelines. Accordingly, the court did not abuse its discretion in declining to award maintenance to the wife (see Holmes v Holmes, 25 AD3d 931, 932-933 [2006]).
Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Although the parties recently informed this Court that they have reached a postjudgment agreement regarding division of their personal property, that does not affect our analysis of the propriety of Supreme Court's judgment.